[No. S148463. Aug. 31, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL LAQUINN JONES, Defendant and Appellant.

568

COUNSEL

Candace Hale, under appointment by the Supreme Court, for Defendant and
Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R.
Anderson and Dane R. Gillette, Chief Assistant Attorneys General, Mary Jo
Graves and Michael P. Farrell, Assistant Attorneys General, Janet Neeley,
Louis M. Vasquez, Brian Alvarez and Kathleen A. McKenna, Deputy
Attorneys General, for Plaintiff and Respondent.

OPINION

**KENNARD, J.**—Under Penal Code section 186.22's subdivision (b)(4)
(hereafter section 186.22(b)(4)),[1] a defendant who commits specified felonies
"for the benefit of, at the direction of, or in association with any criminal
street gang, with the specific intent to promote, further, or assist in any
criminal conduct by gang members," is punishable by *life imprisonment.*

---

[1] All statutory citations are to the Penal Code.

Under section 12022.53, a 20-year sentence enhancement is imposed on any defendant who "personally and intentionally discharges a firearm" (§ 12022.53, subd. (c); hereafter section 12022.53(c)) in the commission of a "felony punishable by death or *imprisonment in the state prison for life*" (§ 12022.53, subd. (a)(17), italics added).

■ Here, defendant was subject to life imprisonment because he committed a specified felony to benefit a criminal street gang. (§ 186.22(b)(4).) At issue is whether defendant committed a "felony punishable by . . . imprisonment . . . for life" (§ 12022.53, subd. (a)(17)), thus triggering application of the 20-year sentence enhancement under section 12022.53(c). The answer is "yes," as the Court of Appeal concluded.

## I

Defendant is a member of the East Lan Six Deuce Diamond Crips, a criminal street gang in Fresno. After he and fellow gang members exchanged words with a member of a rival gang (the Hoover Crips), defendant fired several shots. One of the bullets went through the window of a nearby apartment building and struck an inner wall, causing wall fragments to fall on a girl sitting in the living room of an apartment.

After a bench trial, the court found defendant guilty of shooting at an inhabited dwelling (§ 246). It also found that defendant committed the crime to benefit a criminal street gang (§ 186.22(b)(4)), and that in its commission he personally used a firearm (§ 12022.5) which he personally and intentionally discharged (§ 12022.53(c); see also *id.,* subd. (a)(17)). In addition, the court convicted defendant of unlawful possession of a firearm (§ 12021, subd. (c)(1)), finding that he committed this crime to benefit a criminal street gang (§ 186.22(b)(4)); and the court convicted defendant of street terrorism (§ 186.22, subd. (a)).

For the offense of shooting at an inhabited dwelling, defendant received this sentence: seven years in prison for the offense itself, plus a consecutive indeterminate term of life in prison (with a 15-year parole eligibility period) as a sentence "enhancement" based on the finding that the crime was committed to benefit a criminal street gang (§ 186.22(b)(4)), plus a consecutive prison term of 20 years as an enhancement based on the finding that defendant personally and intentionally discharged a firearm in committing the offense (§ 12022.53(c)). The trial court imposed but stayed a 10-year prison term for defendant's personal use of a firearm in committing the crime (§ 12022.5), and it imposed but stayed a three-year prison term for the conviction of street terrorism (§ 186.22, subd. (a)). Finally, the court imposed

a concurrent sentence of six years for the crime of unlawfully possessing a firearm. (§ 12021, subd. (c)(1).)

The Court of Appeal vacated the sentence imposed by the trial court and remanded the case for resentencing. It held that the trial court erred when it imposed a seven-year prison term for shooting at an inhabited dwelling and then "enhanced" it with a term of life imprisonment (with a minimum parole period of 15 years) based on the trial court's finding that the crime was committed to benefit a criminal street gang (§ 186.22(b)(4)). What the trial court should have done, the Court of Appeal stated, was to impose as the sentence for shooting at an inhabited dwelling the life term prescribed in section 186.22(b)(4), which is not a sentence enhancement but an alternate penalty. (See pt. IIIB, *post.*) The Court of Appeal also ordered the trial court to strike the stayed 10-year sentence enhancement for personal use of a firearm (§ 12022.5), because this additional punishment may not be imposed when, as here, an enhancement for firearm use is imposed under section 12022.53 (see § 12022.53, subd. (f)).

As relevant here, the Court of Appeal rejected defendant's contention that the trial court erred in imposing a 20-year enhancement for personally and intentionally discharging a firearm. (§ 12022.53(c).) We granted defendant's petition for review.

## II

This case involves the interplay between two highly complex statutes: section 186.22, which targets participants in criminal street gangs, and section 12022.53, also known as "the 10-20-life law" (*People v. Oates* (2004) 32 Cal.4th 1048, 1052 [12 Cal.Rptr.3d 325, 88 P.3d 56]), which "prescribes substantial sentence enhancements for using a firearm in the commission of certain listed felonies" (*ibid.*, fn. omitted). Below, we summarize the pertinent portions of the two statutes.

### A.   *Section 186.22*

The Legislature enacted section 186.22 in 1988, as part of the California Street Terrorism Enforcement and Prevention Act. This complicated statutory scheme became even more complex in 2000, when California's voters passed Proposition 21, an initiative measure that made many changes to laws pertaining to juvenile offenders and to gang-related crimes. Substantially modified was section 186.22. Pertinent here is that statute's subdivision (b),

which imposes greater punishment when a crime is committed "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." (§ 186.22, subd. (b)(1).)[2]

Most felonies committed to benefit a criminal street gang are subject to an additional prison term of two, three, or four years, at the trial court's discretion. (§ 186.22, subd. (b)(1)(A).) If the underlying crime is a serious felony, the additional term is five years (*id.*, subd. (b)(1)(B)); if the underlying felony is a violent felony, the additional term is 10 years (*id.*, subd. (b)(1)(C)).

If the felony committed to benefit a criminal street gang is "a home invasion robbery . . . ; carjacking . . . ; *a felony violation of Section 246* [the crime committed here]; or a violation of Section 12022.55" (§ 186.22, subd. (b)(4)(B), italics added), the sentence is "an indeterminate term of *life imprisonment* with a minimum term of the indeterminate sentence calculated as the greater of: [¶] (A) The term determined . . . pursuant to [the determinate sentencing law] for the underlying conviction . . . [or] [¶] (B) [i]mprisonment in the state prison for 15 years . . ." (§ 186.22(b)(4), italics added).

B.  *Section 12022.53*

Section 12022.53 imposes increasingly severe sentence enhancements for those who use firearms in the commission of certain felonies listed in subdivision (a) of that section. Among those felonies is "[a]ny *felony punishable by* death or *imprisonment* in the state prison *for life*." (§ 12022.53, subd. (a)(17), italics added.) Personal use of a firearm while committing such a felony leads to an additional prison term of 10 years. (*Id.*, subd. (b).) *Personal and intentional discharge* of a firearm (as in this case) results in an additional 20-year prison term. (§ 12022.53(c).) And for personal and intentional discharge of a firearm resulting in death or great bodily injury, there is an additional consecutive prison term of 25 years to life. (*Id.*, subd. (d).)

Here, defendant was convicted of a felony (shooting at an inhabited dwelling) that was punishable by a life term because he committed it to benefit a criminal street gang (§ 186.22(b)(4)). At issue here is whether defendant committed a "felony punishable by" life imprisonment, thereby

---

[2] For the sake of simplicity, this opinion uses the shorthand phrase "to benefit a criminal street gang" to refer to crimes that, in the statutory language, are committed "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." (§ 186.22, subd. (b).)

subjecting him to an additional 20-year prison term under the sentence enhancement provision of section 12022.53(c).

## III

■ As noted earlier, defendant was convicted of shooting at an inhabited dwelling. (§ 246.) By itself, that felony carries a maximum sentence of seven years in prison. But when, as here, the crime is committed to benefit a criminal street gang, the punishment is life imprisonment, with a minimum parole eligibility of 15 years. (§ 186.22(b)(4).) And when, as here, a defendant personally and intentionally discharges a firearm in the commission of "[a]ny felony punishable by . . . imprisonment in the state prison for life" (§ 12022.53, subd. (a)(17)), section 12022.53(c) requires imposition of an additional 20-year prison term. That is what the trial court imposed here, a ruling that the Court of Appeal upheld.

In challenging the 20-year sentence enhancement, defendant raises three grounds: (1) By imposing the enhancement, the trial court engaged in "impermissible bootstrapping"; (2) the trial court's finding that defendant shot at an inhabited dwelling (§ 246) to benefit a criminal street gang (§ 186.22(b)(4)) does not transform the section 246 violation and its seven-year maximum prison term into a felony punishable by life imprisonment, because section 186.22(b)(4) sets forth a penalty, not a substantive offense; and (3) the Legislature did not intend section 12022.53's 20-year sentence enhancement to apply to the crime of shooting at an inhabited dwelling, even when committed to benefit a criminal street gang.[3] We address these arguments below.

### A. Claim of Impermissible Bootstrapping

Defendant contends that by imposing the 20-year sentence enhancement provided for in section 12022.53(c), the trial court engaged in "impermissible

---

[3] In the companion case of *People v. Rodriguez* (2009) 47 Cal.4th 501 [98 Cal.Rptr.3d 108, 213 P.3d 647], we held that the trial court should not have imposed sentence enhancements *both* for the defendant's personal firearm use (§ 12022.5, subd. (a)) and for committing a violent felony to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)), because the crime committed in that case was a violent felony only because the defendant personally used a firearm in committing it.

This case bears a superficial similarity to *People v. Rodriguez, supra*, 47 Cal.4th 501: Each involves the interrelationship of a provision pertaining to firearm use (§ 12022.53 in this case, § 12022.5 in *Rodriguez*) with a provision pertaining to criminal street gangs (§ 186.22(b)(4) in this case, § 186.22, subd. (b)(1)(C) in *Rodriguez*). But the issue in *Rodriguez*—whether the trial court properly imposed *two sentence enhancements* (§§ 12022.5 & 186.22, subd. (b)(1)(C)) based on the defendant's personal firearm use—is unlike this case, because here the issue is whether the trial court properly imposed a sentence enhancement (§ 12022.53) in conjunction with an *alternate penalty provision* (§ 186.22(b)(4)).

bootstrapping." He relies primarily on *People v. Briceno* (2004) 34 Cal.4th 451 [20 Cal.Rptr.3d 418, 99 P.3d 1007] (*Briceno*) and *People v. Arroyas* (2002) 96 Cal.App.4th 1439 [118 Cal.Rptr.2d 380] (*Arroyas*).

In *Briceno, supra,* 34 Cal.4th 451, we construed the language of section 1192.7's subdivision (c)(28) (hereafter section 1192.7(c)(28)), which provides that a conviction for "any felony offense [that] would also constitute a felony violation of Section 186.22" is a "serious felony."[4] Section 186.22's subdivision (a) defines the substantive offense of street terrorism, while subdivision (b)(1) provides for additional punishment when a defendant commits a felony for the benefit of a criminal street gang. The additional punishment is ordinarily a prison term of two, three, or four years (§ 186.22, subd. (b)(1)(A)), but it is five years when the crime committed is a serious felony (§ 186.22, subd. (b)(1)(B)).

At issue in *Briceno* was whether section 1192.7(c)(28) applied only to the substantive offense of street terrorism described in section 186.22's subdivision (a), or whether it also applied to felonies that are subject to additional punishment under the latter statute's subdivision (b)(1). We held that the statute applied to both types of felonies. (*Briceno, supra,* 34 Cal.4th at p. 456.) We cautioned, however: "[W]hile it is proper to define any felony committed for the benefit of a criminal street gang as a serious felony under section 1192.7(c)(28), it is improper to use the *same* gang-related conduct *again* to obtain an additional five-year sentence under section 186.22(b)(1)(B). . . . [¶] . . . [N]othing in [the voter initiative that enacted section 1192.7(c)(28)] . . . suggests an intention of the voters to *bootstrap,* in the same proceeding, any felony offense committed for the benefit of a criminal street gang into a section 186.22(b)(1)(B) offense 'as a means of applying a double dose of harsher punishment.' " (*Briceno, supra,* 34 Cal.4th at p. 465, last italics added; see also *People v. Bautista* (2005) 125 Cal.App.4th 646, 657 [22 Cal.Rptr.3d 845] [applying *Briceno*'s reasoning to strike a sentence enhancement based on gang-related conduct]; *People v. Martinez* (2005) 132 Cal.App.4th 531, 535–537 [34 Cal.Rptr.3d 14] [applying the reasoning of *Briceno* and *Bautista*].)

*Briceno* cited with approval the Court of Appeal's decision in *Arroyas, supra,* 96 Cal.App.4th 1439. (See *Briceno, supra,* 34 Cal.4th at p. 465.) In

---

[4] Designating a crime as a "serious felony" within the meaning of section 1192.7 has various consequences. For example, a defendant who has a prior conviction for a serious felony and is later convicted of another serious felony is subject to an additional five-year prison term. (§ 667, subd. (a).) A defendant who has a prior serious felony conviction and who is later convicted of any felony is subject to a sentence increase under the "Three Strikes" law. (§ 667, subds. (b)–(i).) And a defendant who commits a serious felony to benefit a street gang is subject to a five-year sentence enhancement under section 186.22's subdivision (b)(1)(B).

*Arroyas, supra*, 96 Cal.App.4th 1439, the Court of Appeal addressed the interaction between section 186.22's subdivision (d), which provides that a misdemeanor committed to benefit a criminal street gang may, in the trial court's discretion, be punished as a felony, and section 186.22's subdivision (b)(1), which provides that a felony committed to benefit a criminal street gang is subject to an additional prison term. *Arroyas* held that when a defendant commits a misdemeanor to benefit a criminal street gang, the offense may be punished as a felony under section 186.22's subdivision (d), but it is *not* subject to the additional penalties of that statute's subdivision (b)(1) for felonies committed to benefit a criminal street gang. *Arroyas* held that the voters who enacted the initiative that added subdivision (d) to section 186.22 did not intend "to *bootstrap* subdivision (d) misdemeanors into subdivision (b)(1) felonies." (*Arroyas, supra*, 96 Cal.App.4th at p. 1445, italics added.)

Defendant here contends that under *Briceno, supra*, 34 Cal.4th 451, and *Arroyas, supra*, 96 Cal.App.4th 1439, the trial court may not both (1) "appl[y] the gang statute to raise the underlying offense into a more serious category," and (2) "use[] the new category to impose an enhancement it could not have applied to the original, underlying offense." He argues that in his case, (1) the gang statute was used to elevate the underlying offense of shooting at an inhabited dwelling to a more serious category (that is, instead of being an offense that at the trial court's discretion is punishable by three, five, or seven years in prison, it became punishable by a sentence of life imprisonment, based on the trial court's finding that the shooting benefitted a criminal street gang); and (2) because the crime fell into this more serious category (that is, a crime punishable by life imprisonment) it in turn became the basis for imposing the 20-year sentence enhancement for personally and intentionally discharging a firearm. (§ 12022.53(c).)

Defendant's argument, although superficially appealing, overstates the scope of our decision in *Briceno, supra*, 34 Cal.4th 451, and that of the Court of Appeal in *Arroyas, supra*, 96 Cal.App.4th 1439. *Briceno* addressed two statutes—one stating that a felony committed to benefit a criminal street gang is a serious felony (§ 1192.7(c)(28)), the other stating that a serious felony committed to benefit a criminal street gang is subject to additional punishment (§ 186.22, subd. (b)(1)(B))—and *Briceno* concluded that when the former statute applies, the latter does not. Similarly, in *Arroyas* the Court of Appeal addressed two subdivisions of section 186.22—one stating that a misdemeanor committed to benefit a criminal street gang may be punished as a felony (§ 186.22, subd. (d)), the other stating that a felony committed to benefit a criminal street gang is subject to additional punishment (§ 186.22, subd. (b)(1))—and *Arroyas* concluded that when the former

subdivision applies, the latter does not. Thus, both *Briceno* and *Arroyas* considered the interplay between two statutory provisions that impose penalties for committing a crime to benefit a criminal street gang, and each concluded that the California electorate, which enacted those provisions through an initiative measure, did not intend to apply both provisions to the same crime.

But unlike the provisions at issue in *Briceno, supra*, 34 Cal.4th 451, and in *Arroyas, supra*, 96 Cal.App.4th 1439, which were all enacted through a single initiative (Prop. 21), here the two provisions in question—section 186.22(b)(4) and section 12022.53(c)—appear in separate statutes enacted at different times. And unlike the provisions at issue in *Briceno* and *Arroyas*, all of which pertained to criminal street gangs, here only one of the two provisions at issue—section 186.22(b)(4)—pertains to criminal street gangs. That provision states that specified conduct (here, shooting at an inhabited dwelling) is, in a specified circumstance (that is, to benefit a street gang), punishable by a 15-year-to-life sentence, while the other provision at issue—section 12022.53(c)—states that crimes punishable by life imprisonment are, in a specified circumstance (that is, when committed by personally and intentionally discharging a firearm), subject to a 20-year sentence enhancement. In this case, defendant is subject to that additional 20-year term not because he committed a gang-related offense but because he committed a particularly heinous crime (that is, a crime so serious that it is punishable by life imprisonment). For the reasons just discussed, *Briceno* and *Arroyas* do not support defendant's argument.

B. *Claim That Section 12022.53 Does Not Apply to a Sentence of Life Imprisonment Imposed Under a Penalty Provision*

As previously explained, a violation of section 246 (shooting at an inhabited dwelling) by itself carries a maximum prison sentence of seven years. But when, as in this case, the crime is committed to benefit a criminal street gang, the provision that comes into play is section 186.22(b)(4), which calls for a term of life imprisonment (with a minimum parole eligibility of 15 years). The Court of Appeal held that this life term triggered the application of section 12022.53(c), which provides for an additional 20-year prison term for personally and intentionally discharging a firearm in the commission of a *"felony punishable by* death or *imprisonment* in the state prison *for life"* (§ 12022.53, subd. (a)(17), italics added). Defendant challenges that holding. He argues that his case does not fall within that provision because his sentence of life imprisonment did not result from his conviction of a *felony* (shooting at an inhabited dwelling) but from the application of section 186.22(b)(4), which sets forth not a felony but a penalty.

■ Defendant is correct that section 186.22(b)(4) is a penalty provision. A penalty provision "sets forth an alternate penalty for the underlying felony itself, when the jury has determined that the defendant has satisfied the conditions specified in the statute." (*People v. Jefferson* (1999) 21 Cal.4th 86, 101 [86 Cal.Rptr.2d 893, 980 P.2d 441].) In *Robert L. v. Superior Court* (2003) 30 Cal.4th 894 [135 Cal.Rptr.2d 30, 69 P.3d 951], this court held that another subdivision of the same statute (§ 186.22, subd. (d)) was a penalty provision, explaining: "Section 186.22(d) is not a sentence enhancement because it does not add an additional term of imprisonment to the base term; instead, it provides for an alternate sentence when it is proven that the underlying offense has been committed for the benefit of, or in association with, a criminal street gang. Neither is it a substantive offense because it does not define or set forth elements of a new crime." (*Robert L., supra*, at p. 899.) This is also true of section 186.22(b)(4), the provision at issue here. (See *Briceno, supra*, 34 Cal.4th at p. 460, fn. 7 [§ 186.22 (b)(4) "is an alternate penalty provision that provides for an indeterminate life sentence for certain underlying felony offenses that are gang related"].)

Pertinent here is a decision by the Court of Appeal in *People v. Florez* (2005) 132 Cal.App.4th 314 [33 Cal.Rptr.3d 632] (*Florez*). As in this case, the defendant in *Florez* was convicted of shooting at an inhabited dwelling (§ 246), and the jury found that he committed the crime to benefit a criminal street gang (§ 186.22(b)(4)), thereby subjecting him to a sentence of life imprisonment (with a 15-year minimum sentence). At issue was the applicability of section 2933.1, which limits the amount of worktime credit that can be accrued by a defendant convicted of a felony listed in subdivision (c) of section 667.5. Among those felonies was "[a]ny felony punishable by . . . imprisonment in the state prison for life." (§ 667.5, subd. (c)(7).)

The Court of Appeal in *Florez* concluded that the limit on worktime credits in section 2933.1 applied to the defendant in that case, even though his sentence of life imprisonment was attributable to the alternate penalty provision set forth in section 186.22(b)(4). The court held that by committing the crime of shooting at an inhabited dwelling to benefit a criminal street gang, the defendant had committed a felony punishable by imprisonment for life within the meaning of subdivision (c) of section 667.5. (*Florez, supra*, 132 Cal.App.4th at pp. 318–319.) Here, the Court of Appeal followed *Florez,* noting that the phrase "felony punishable by . . . imprisonment in the state prison for life" in subdivision (a)(17) of section 12022.53, the provision at issue here, is virtually identical to the statutory phrase at issue in *Florez* and therefore should be construed similarly. Defendant challenges that conclusion.

Defendant relies on this court's decision in *People v. Montes* (2003) 31 Cal.4th 350 [2 Cal.Rptr.3d 621, 73 P.3d 489] (*Montes*), which, as here, involved the interaction between section 186.22 and section 12022.53. In *Montes*, the defendant was convicted of attempted murder; the trial court found that he caused great bodily injury by personally and intentionally discharging a firearm (§ 12022.53, subd. (d)) and that he committed the crime to benefit a criminal street gang (§ 186.22). A defendant falling within the reach of subdivision (d) of section 12022.53 must be given, as additional punishment, a consecutive sentence of 25 years to life; subdivision (b)(5) of section 186.22 provides that a defendant who commits "a felony punishable by imprisonment in the state prison for life" to benefit a criminal street gang must serve at least 15 years before becoming eligible for parole. At issue in *Montes* was whether a crime subject to the additional punishment provided for in subdivision (d) of section 12022.53 is "a felony punishable by imprisonment . . . for life" within the meaning of subdivision (b)(5) of section 186.22.[5] We held that it was not, explaining that subdivision (b)(5) of section 186.22 "applies only where the felony by its own terms provides for a life sentence." (*Montes, supra*, at p. 352.)

Thus, this court in *Montes, supra*, 31 Cal.4th 350, narrowly construed the statutory phrase "a felony punishable by imprisonment . . . for life," which appears in subdivision (b)(5) of section 186.22, as applying only to crimes where the underlying felony provides for a term of life imprisonment. (31 Cal.4th at p. 352.) Defendant here argues that to be consistent with *Montes*, we should give the statutory phrase "felony punishable by . . . imprisonment in the state prison for life," which appears in subdivision (a)(17) of section 12022.53, the same narrow construction, and that, so construed, it does not include a life sentence imposed under an alternate penalty provision. We agree with defendant that these statutory phrases should be construed similarly. But we disagree that, construed narrowly, a felony that under section 186.22(b)(4) is punishable by life imprisonment is not a "felony punishable

---

[5] The issue in *Montes, supra*, 31 Cal.4th 350, was in some respects the reverse of the issue here. In *Montes*, the trial court imposed a life term under *section 12022.53*, and at issue was the applicability of a provision in *section 186.22* limiting parole eligibility for any person convicted of a "felony punishable by imprisonment . . . for life." (*Id.*, subd. (b)(5).) Here, by contrast, the Court of Appeal ordered the trial court on remand to impose a life term under *section 186.22*, and at issue is the applicability of language in *section 12022.53* imposing additional punishment for any person convicted of a "felony punishable by . . . imprisonment . . . for life." (§ 12022.53, subd. (a)(17).) But the life term imposed in *Montes* under section 12022.53 was a sentence *enhancement*, whereas in this case the life term was imposed under section 186.22(b)(4), a *penalty provision*. As explained in the text (see p. 578, *post*), this is an important distinction.

by . . . imprisonment in the state prison for life" within the meaning of subdivision (a)(17) of section 12022.53.

Unlike the life sentence of the defendant in *Montes, supra*, 31 Cal.4th 350, which was imposed as a *sentence enhancement* (a punishment added to the base term), here defendant's life sentence was imposed under section 186.22(b)(4), which sets forth the *penalty for the underlying felony* under specified conditions. The difference between the two is subtle but significant. "Unlike an enhancement, which provides for an *additional term* of imprisonment, [a penalty provision] sets forth an alternate penalty *for the underlying felony itself*, when the jury has determined that the defendant has satisfied the conditions specified in the statute." (*People v. Jefferson, supra*, 21 Cal.4th at p. 101, italics added & omitted.) Here, defendant committed the felony of shooting at an inhabited dwelling (§ 246), he personally and intentionally discharged a firearm in the commission of that felony (§ 12022.53(c)), and because the felony was committed to benefit a criminal street gang, it was punishable by life imprisonment (§ 186.22(b)(4)). Thus, imposition of the 20-year sentence enhancement of section 12022.53(c) was proper.

### C. *Claim Pertaining to Legislative Intent*

Defendant argues that the Legislature did not intend to have section 12022.53's severe sentence enhancements apply to those who, like him, are convicted of the felony of shooting at an inhabited dwelling (§ 246) for the purpose of benefitting a criminal street gang (§ 186.22(b)(4)).

When the Legislature enacted section 12022.53 in 1997, section 186.22(b)(4) did not contain the current penalty provision calling for life imprisonment for committing the felony of shooting at an inhabited dwelling to benefit a criminal street gang. (That provision was added three years later in an initiative measure, Prop. 21, which, as previously explained, made many changes to laws pertaining to juvenile offenders and to gang-related crimes.) Thus, in 1997 a defendant who shot at an inhabited dwelling to benefit a criminal street gang would not have been subject to section 12022.53's sentence enhancements, because such conduct was at that time not punishable by imprisonment for life.

As enacted in 1997, the additional punishments called for under section 12022.53 applied to 16 specified felonies (murder, mayhem, kidnapping, robbery, carjacking, felonious assault, assault with a firearm on a peace officer or firefighter, six forms of sexual assault, two forms of assault by a

prisoner, and the holding of a hostage by a prisoner). The statute's additional punishments also applied to two general categories of felonies (attempts to commit any of the specified felonies other than assault, and felonies punishable by death or imprisonment for life). This list of qualifying offenses has not changed since section 12022.53 was enacted. (See § 12022.53, subd. (a).)

Defendant here points out that all of the 16 felonies listed in section 12022.53 "entail violence against the person," and he asserts that when this statute was enacted in 1997 the same was also true of every felony that fell into the statute's two general categories. But shooting at an inhabited dwelling (§ 246), he argues, is not necessarily a crime of violence against a person, because someone shooting at an inhabited dwelling violates section 246 even when nobody happens to be inside the dwelling. (See § 246 ["As used in this section, 'inhabited' means currently being used for dwelling purposes, whether occupied or not."].) Thus, defendant reasons, the Legislature must have intended to have section 12022.53's severe sentence enhancements apply only to those who commit violent crimes against others and not to those shooting at an inhabited dwelling.

Defendant's argument fails for two reasons. First, he is wrong in asserting that when section 12022.53 was enacted in 1997, every offense to which it applied involved violence against a person. For example, treason (§ 37), which is punishable by death or life imprisonment and thus falls into one of the two general categories set forth in section 12022.53, is neither violent nor directed against a person. This is also true of some forms of aggravated arson. (§ 451.5.) Second, even if, as defendant contends, the offenses covered by section 12022.53 at the time of its 1997 enactment were all violent felonies directed against others, the Legislature did not limit the statute's reach to such crimes; rather, the Legislature expressly stated in section 12022.53's subdivision (a)(17) that the statute's additional punishments apply to *any* felony punishable by life imprisonment. That phrasing left open the possibility of future enactment of a provision making certain crimes not involving violent acts directed against others punishable by life imprisonment, and thus subject to the additional punishment set forth in section 12022.53. That is precisely what happened in 2000 when the electorate, through Proposition 21, amended section 186.22(b)(4) to provide that certain felonies, including shooting at an inhabited dwelling (§ 246), were punishable by life imprisonment when committed to benefit a criminal street gang. Thus, we reject defendant's contention that the Legislature's original 1997 enactment of section 12022.53's sentence enhancements indicated an intent not to apply them to those who, like defendant here, shoot at an inhabited dwelling to benefit a criminal street gang.

DISPOSITION

The judgment of the Court of Appeal is affirmed.

George, C. J., Chin, J., Moreno, J., Corrigan, J., and Perluss, J.,* concurred.

**WERDEGAR, J.,** Concurring.—I concur in the result reached by the majority, which permits imposition of a sentence enhancement on defendant pursuant to Penal Code section 12022.53. (All statutory references are to this code.) I write separately because I do not join in the majority's reasoning.

As the majority explains, "[t]his case involves the interplay between two highly complex statutes: section 186.22, which targets participants in criminal street gangs, and section 12022.53, also known as 'the 10-20-life law' [citation], which 'prescribes substantial sentence enhancements for using a firearm in the commission of certain listed felonies' [citation]." (Maj. opn., *ante*, at p. 570.) Although parsing the provisions of these statutes is tedious, addressing their interplay is not so difficult, for the Legislature has already set the ground rules. Thus, subdivision (e) of section 12022.53 specifically addresses how these two statutes interact. It provides: "(e)(1) The enhancements provided in this section shall apply to any person who is a principal in the commission of an offense if both of the following are pled and proved: [¶] (A) The person violated subdivision (b) of Section 186.22 [concerning felonies committed for the benefit of a criminal street gang]. [¶] (B) Any principal in the offense committed any act specified in subdivision (b), (c), or (d) [that is, the principal used or discharged a firearm, or discharged a firearm causing great bodily injury or death]. [¶] (2) An enhancement for participation in a criminal street gang pursuant to Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1 shall not be imposed on a person in addition to an enhancement imposed pursuant to this subdivision, unless the person personally used or personally discharged a firearm in the commission of the offense." (*Ibid.*)

As can be seen, although the penalties provided in section 12022.53, subdivisions (b) to (d) apply only to those who in the commission of a felony specified in subdivision (a) *personally* used or discharged a firearm, section 12022.53, subdivision (e) creates an exception to that scheme.[1] Addressing offenders who commit an offense that makes them subject to both section 186.22, subdivision (b) (the California Street Terrorism Enforcement and Prevention Act; hereafter the STEP Act) and the 10-20-life law, section

---

*Presiding Justice of the Court of Appeal, Second Appellate District, Division Seven, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] By its terms, section 12022.53, subdivision (e), unlike subdivisions (b), (c) and (d), does not require a qualifying offense be also listed in subdivision (a).

12022.53, subdivision (e)(1) permits imposition of the 10-20-life enhancement if *a principal* in the qualifying crime personally uses or discharges a firearm. Subdivision (e)(2) of section 12022.53, in turn, permits imposition of *both* a STEP Act penalty *and* a 10-20-life enhancement for those STEP Act violators who themselves *personally* use or discharge a firearm. By clear implication, then, if an offender who is convicted of violating section 186.22, subdivision (b) *did not personally* use or discharge a firearm, he is subject either to the penalty prescribed in the STEP Act or to a 10-20-life enhancement, but not to both.

Section 12022.53, subdivision (e) appears to embody completely the Legislature's intent on the subject of the interplay between sections 186.22 and 12022.53. As a specific provision on this subject, it is determinative. (Cf. *Salazar v. Eastin* (1995) 9 Cal.4th 836, 857 [39 Cal.Rptr.2d 21, 890 P.2d 43] ["Under well-established principles of statutory interpretation, the more specific provision [citation] takes precedence over the more general one [citation]."].) Accordingly, to engage, as the majority does, in endeavoring to answer questions of improper bootstrapping (maj. opn., *ante*, at pp. 572–573), the meaning of "penalty provisions" versus "enhancements" (*id.* at p. 576),[2] or whether a felony "punishable by . . . imprisonment in the state prison for life" (§ 12022.53, subd. (a)(17)) includes a crime whose punishment is elevated to a life term by the STEP Act (maj. opn., *ante*, at pp. 575–578) is unnecessary. Instead, we need determine only whether defendant was convicted of a crime to which the STEP Act applied (he was) and whether he personally used or discharged a firearm (he did). According to the plain and express terms of subdivision (e)(2) of section 12022.53, then, he is subject to the full force of both penalty statutes.

I understand, as the majority explains (maj. opn., *ante*, at pp. 578–579), that subdivision (b)(4)(B) of section 186.22, imposing a life term for some crimes, was enacted after section 12022.53, subdivision (e), but nothing in that circumstance suggests the Legislature intended to alter the scope of section 12022.53, subdivision (e). "The Legislature, of course, is deemed to be aware of statutes . . . already in existence, and to have enacted or amended a statute in light thereof." (*People v. Harrison* (1989) 48 Cal.3d 321, 329 [256 Cal.Rptr. 401, 768 P.2d 1078]; see *Fairbanks v. Superior Court* (2009) 46 Cal.4th 56, 62 [92 Cal.Rptr.3d 279, 205 P.3d 201] [same].)

---

[2] By relying on the alleged distinction between a "penalty provision" (also known as an " 'alternate penalty' " or " 'alternate sentence' ") and an enhancement (maj. opn., *ante*, at p. 576), the majority introduces no small amount of uncertainty and inconsistency into the law, for in a companion case filed this same day, the majority purports to disclaim this distinction. (*People v. Brookfield* (2009) 47 Cal.4th 583, 592–595 [98 Cal.Rptr.3d 535, 213 P.3d 988].) I agree the distinction is not useful in this context and so have signed the majority opinion in *Brookfield*. But the majority's reliance on it here is troubling, and I do not join such reasoning.

## Conclusion

Because the majority affirms the Court of Appeal's decision, I concur in the result. Unlike the majority, however, I would accord primacy to the specific terms of subdivision (e) of section 12022.53 to justify the conclusion permitting imposition of a 10-20-life enhancement on this defendant.

Appellant's petition for a rehearing was denied October 28, 2009. Baxter, J., did not participate therein.