Richman, J.
*743 On the evening of December 13, 2008, Jane Doe stepped out of her car and met defendant Humberto Salvador and three other men, who dragged her into a brutalized nightmare. For his participation, defendant was convicted of 15 felonies with 98 enhancements,[1] and sentenced to 425 *302 *744 years and four months to life in state prison. Defendant contends the testimony of the prosecution's expert on criminal street gangs was based on improper hearsay material, and that defendant's cross-examination was unduly restricted. Defendant also contends the trial court erred when it instructed the jury that defendant's possible intoxication was not relevant to the issue of whether he formed the specific intent required for conviction on the kidnapping counts and two other charges where he was alleged to have aided and abetted others. Finally, defendant contends the trial court erred when it imposed consecutive ten-year gang enhancements terms on the ten counts carrying indeterminate life terms under section 667.61, the so-called "One Strike" law. We conclude that only the final contention has merit, that the inescapable logic of People v. Lopez (2005) 34 Cal.4th 1002, 22 Cal.Rptr.3d 869, 103 P.3d 270 establishes that the gang enhancements are not authorized by section 186.22, and must be stricken. We remand for resentencing, but otherwise affirm the judgment of conviction.
[[/]]**
*745 Sentencing Error
Defendant was sentenced to life without the possibility of parole on each of the kidnappings (counts one and two); 15 years to life for the carjacking count (count eleven); 19 years for the robbery (count fourteen); and two years for the substantive offense of active gang participation (count fifteen). He received terms of 15 years to life for each of the forcible sexual penetration counts (counts twelve and thirteen).
On each of the remaining eight counts-the two rape counts (counts four and six), the two sodomy counts (counts five and seven), and the four oral copulations counts (counts three, eight, nine, and ten)-the trial court imposed a consecutive term of 25 years to life specified by section 667.61. The jury having found true the allegations that each of the offenses had been committed for the benefit of a criminal street gang (see fn. 1, ante ), the trial court imposed a separate consecutive ten-year term in accordance with section 186.22, subd. (b)(1)(C)[14] to the 25 years to *303 life term for each of the two forcible rape counts, the two forcible sodomy counts, and forcible oral copulation counts, and to the 15 years to life term for each of the two forcible sexual penetration counts. In other words, defendant was given 100 years of *746 gang enhancements to be served consecutively to two indeterminate terms of 15 years to life pursuant to section 667.61, subdivision (b), and eight indeterminate terms of 25 years to life pursuant to section 667.61, subdivision (a).[15]
Defendant contends that we must apply the logic of People v. Lopez,supra, 34 Cal.4th 1002, 22 Cal.Rptr.3d 869, 103 P.3d 270 (Lopez ) and remand for resentencing because "[t]he trial court erred when it imposed separate 10-year gang enhancements on each of ten counts carrying indeterminate life terms; instead, as to each such count, the trial court should have imposed a minimum parole eligibility term of 15 years." This appears to be an issue of first impression.
As framed by the Supreme Court, the sole issue in Lopez was "whether a gang-related first degree murder, which is punishable by a term of 25 years to life, carries an additional 10-year enhancement under ... section 186.22(b)(1)(C) or, alternatively, a 15-year minimum parole eligibility term under section 186.22(b)(5)." (Lopez, at p. 1004, 22 Cal.Rptr.3d 869, 103 P.3d 270.) The starting point of the court's analysis was that "Section 186.22, subdivision (b)(1)(C) (section 186.22(b)(1)(C)) imposes a 10-year enhancement when such a defendant commits a violent felony. Section 186.22(b)(1)(C) does not apply, however, where the violent felony is 'punishable by imprisonment in the state prison for life.' " (Ibid . ) After examining the history and purpose of the statute, particularly the words "punishable by imprisonment in the state prison for life" in subdivision (b)(5) (quoted at fn. 14, ante ), and its own decisions, the court concluded: "It therefore appears that the Legislature intended section 186.22(b)(5) to encompass both a straight life term as well as a term expressed in years to life (other than those enumerated in subdivision (b)(4)) and therefore intended to exempt those crimes from the 10-year enhancement in subdivision (b)(1)(C)." (Id . at p. 1007, 22 Cal.Rptr.3d 869, 103 P.3d 270.)
In doing so, the court rejected the Attorney General's argument that "the phrase 'punishable by imprisonment ... for life' in section 186.22(b)(5) is ambiguous in that it could apply to all life terms (including terms of years to life), as defendant contends, or merely 'straight' life terms, which require only a minimum of seven years of incarceration before a defendant becomes eligible for parole (§ 3046). The Attorney General claims that ... section 186.22(b)(5) applies only to straight life terms and therefore does not apply to *747 first or second degree murder." The court similarly rejected the argument of amicus California District Attorneys Association *304 that "section 186.22(b)(5) could apply to a term of years to life, but only as long as the minimum term is less than 15 years, and therefore does not apply to first or second degree murder." (Lopez, at p. 1007, 22 Cal.Rptr.3d 869, 103 P.3d 270.)
"The more relevant legislative history, in our view, is that surrounding the enactment of the STEP Act [the Street Terrorism Enforcement and Prevention Act] in 1988, which stated repeatedly that section 186.22, former subdivision (b)(3) (now subdivision (b)(5)) applied to 'any life prison term.' " (Lopez, at p. 1010, 22 Cal.Rptr.3d 869, 103 P.3d 270.)
"In sum, at the time the STEP Act was enacted, the predecessor to section 186.22(b)(5) was understood to apply to all lifers, except those sentenced to life without the possibility of parole. Contrary to the People's naked assertion, we find no indication that the voter-approved amendment in June 1998 to section 190, subdivision (e), which eliminated postsentence credits and thereby increased the MEPD [minimum eligible parole date] for first and second degree murderers, impliedly altered the meaning of 'a felony punishable in the state prison for life' in that predecessor provision. [Citation.] We likewise find no indication that Proposition 21, which reenacted the predecessor provision without substantive change and renumbered it as subdivision (b)(5), impliedly restricted its reach. Finally, we find no support for CDAA's contention that the Legislature or the voters intended the applicability of subdivision (b)(1)(C) and subdivision (b)(5) to 'shift, depending upon the current minimum parole eligibility term for murder, and whether or not section 3046 can have an effect.' We find instead that the plain language of section 186.22(b)(5) governs and therefore conclude that the Court of Appeal erred in applying the 10-year gang enhancement to defendant's first degree murder conviction." (Lopez, at pp. 1010-1011, 22 Cal.Rptr.3d 869, 103 P.3d 270.)
The Attorney General concedes that for the ten counts "application of the One Strike law made the sentence for each ... an indeterminate life term." Nevertheless the Attorney General initially labored heroically to persuade us that Lopez does not doom the ten-year gang enhancements.
The Attorney General first pointed to People v. Montes (2003) 31 Cal.4th 350, 2 Cal.Rptr.3d 621, 73 P.3d 489 (Montes ), arguing that it supports imposition of the ten-year enhancements. This reliance is misplaced. Montes plainly holds "section 186.22(b)(5) applies only where the felony by its own terms provides for a life sentence."[16] ( *305 Id . at p. 352, 2 Cal.Rptr.3d 621, 73 P.3d 489.) In other *748 words, a life term cannot be created by aggregating the imprisonment for the felony and an enhancement (which in Montes was a 25 years to life enhancement for personally inflicting great bodily injury with a firearm added to a term of seven years for attempted murder). But just as the first degree murder in Lopez provided for a 25 years to life term, so do "alternative sentencing scheme[s]" such as the Three Strikes law and section 667.61 (People v. Anderson (2009) 47 Cal.4th 92, 102, 97 Cal.Rptr.3d 77, 211 P.3d 584 ), the latter being used here to impose eight 25 years to life terms and two 15 years to life terms.
The Attorney General next saw assistance in People v. Jones (2009) 47 Cal.4th 566, 98 Cal.Rptr.3d 546, 213 P.3d 997 (Jones ), but that decision is no more helpful than Montes . As the Supreme Court explained: "[T]he life term imposed in Montes under section 12022.53 was a sentence enhancement, whereas in this case the life term was imposed under section 186.22(b)(4), a penalty provision ."[17] (Id . at p. 577, 98 Cal.Rptr.3d 546, 213 P.3d 997, fn. 5.) "The difference between the two is subtle but significant. 'Unlike an enhancement, which provides for an *749 additional term of imprisonment, [a penalty provision] sets forth an alternate penalty for the underlying felony itself ....' " (Id . at p. 578, 98 Cal.Rptr.3d 546, 213 P.3d 997.) Here, the "alternate penalty for the underlying felony itself" comes from section 677.61, making the additional 10 years under section 186.22, subdivision (b)(1)(C) indisputably an enhancement.
This was largely the approach taken in People v. Williams (2014) 227 Cal.App.4th 733, 174 Cal.Rptr.3d 210 (Williams ), which involved a number of 25 years to life Three Strikes sentences enhanced with 10-year enhancements under section 186.22, subdivision (b)(1)(C). The Court of Appeal construed Lopez to prohibit the enhancements:
*306 "In this case, defendant received sentences of 25 years to life. These sentences of 25 years to life constitute life sentences within the meaning of section 186.22, subdivision (b)(5). [ (Lopez, supra, at p. 1007, 22 Cal.Rptr.3d 869, 103 P.3d 270.) ] These life sentences resulted from the application of the Three Strikes law. The Three Strikes law is a penalty provision, not an enhancement. It is not an enhancement because it does not add an additional term of imprisonment to the base term. Instead, it provides for an alternate sentence (25 years to life) when it is proven that the defendant has suffered at least two prior serious felony convictions....
"In light of Jones 's direction that the phrases '[a]ny felony punishable by ... imprisonment in the state prison for life' (§ 12022.53, subd. (a)(17)) and 'a felony punishable by imprisonment in the state prison for life' (§ 186.22, subd. (b)(5)) 'should be construed similarly' (Jones, at p. 577 [98 Cal.Rptr.3d 546, 213 P.3d 997] ), it follows that because defendant's life sentences are the result of a penalty provision, he has been convicted of 'felon[ies] punishable by imprisonment in the state prison for life' (§ 186.22, subd. (b)(5)). The trial court therefore erred in imposing the 10-year gang enhancements pursuant to section 186.22, subdivision (b)(1)(C)." (Williams, at pp. 744-745, 174 Cal.Rptr.3d 210.)
The Attorney General attempts to distinguish Williams as "inapplicable" because it did not involve section 667.61, and because it "followed Jones 's *750 penalty versus enhancement paradigm without inquiry into the objectives of the Three Strikes Law, thus failing to take into account that its decision precludes recidivists who commit violent offenses from being punished for also committing those offenses on behalf of a gang. [Citations.] This court should decline to adopt that analysis in the context of the One Strike Law. Because the STEP Act and the One Strike Law serve separate objectives, applying Jones without more would ignore one of the statutes even though appellant meets the criteria of both." And as for Lopez, the Attorney General distinguished it on the grounds that it "analyzed the language at issue for an entirely different purpose," and did not "apply" section 667.61.
In light of the double-handful of consecutive life terms to which defendant was sentenced under section 667.61, it can hardly be said that he is escaping punishment in any genuine sense. In sentencing defendant according to the terms of that statute, the trial court was obviously attempting to comply with the directive in subdivision (f) that defendant be sentenced in such a manner as to receive the "greater penalty." The objective of punishing violent sex offenders who have a gang connection or motivation is no less important than punishing murderers who have a gang connection or motivation. It is not soft-heartedness or myopia that led the Lopez,Jones, and Williams courts to reach the conclusion they all did. Those results were the product of the "plain and unambiguous" language of section 186.22 concerning what qualifies as a life term. (See Lopez, at pp. 1006-1007, 22 Cal.Rptr.3d 869, 103 P.3d 270 ; Williams, at p. 742, 174 Cal.Rptr.3d 210.) We think Williams is soundly reasoned, no surprise given that its author, Justice Willhite, is a noted authority on sentencing. And we note that other authorities appear to agree. (See Couzens et al., Sentencing California Crimes (The Rutter Group 2013) ¶ 21:7, p. 21-5 (rev.7/2015) ["The enhancement provisions of section 186.22(b)(1) may not be applied when the defendant receives a life sentence...."].)
As for the junction between sections 186.22 and 667.61, and the enhancement *307 vs. penalty distinction of Jones,[18] the Supreme Court already had considered it as applied to section 667.61: "[T]he One Strike law is not ... a sentence enhancement. 'A sentence enhancement is "an additional term of imprisonment added to the base term." [Citation.]' ( [People v. Jefferson (1999) 21 Cal.4th 86,] 101, 86 Cal.Rptr.2d 893, 980 P.2d 441.) The 25-year minimum term of the One Strike law 'does not fall within [this] *751 definition of an enhancement, because it is not an "additional term of imprisonment" and it is not added to a "base term." ' (Ibid . [holding that 15-year minimum term under § 186.22, subd. (b)(4), is not an enhancement].) Rather, it 'sets forth an alternate penalty for the underlying felony itself, when the jury has determined that the defendant has satisfied the [statute's] conditions....' (Jefferson, supra, at p. 101, 86 Cal.Rptr.2d 893, 980 P.2d 441.) Thus, the One Strike law does not establish an enhancement, but 'sets forth an alternative and harsher sentencing scheme for certain enumerated sex crimes' when a defendant commits one of those crimes under specified circumstances. [Citations.]" (People v. Acosta (2002) 29 Cal.4th 105, 118, 124 Cal.Rptr.2d 435, 52 P.3d 624.) Moreover, "relevant legislative history confirms that the Legislature did not intend the One Strike law to establish an enhancement." (Id . at p. 119, 124 Cal.Rptr.2d 435, 52 P.3d 624.)
The Attorney General naturally drew our attention to two passages from that opinion: "[T]he One Strike law establishes a floor-a minimum term a qualifying defendant must serve-but does not require sentencing under the statute to the exclusion of any other sentencing provisions, or preclude imposing a total sentence that is greater than the term of the One Strike law when other factors warrant greater punishment." (People v. Acosta,supra, 29 Cal.4th 105, 124, 124 Cal.Rptr.2d 435, 52 P.3d 624.) "[B]ecause the Three Strikes law and the One Strike law serve separate objectives, ignoring one of these statutes where a defendant meets the criteria of both would defeat one of the Legislature's objectives." (Id . at p. 127, 124 Cal.Rptr.2d 435, 52 P.3d 624.) Replace "the Three Strikes law" with "the STEP Act," and the Attorney General sees the latter passage as clearly allowing the 10-year enhancements to remain on the life terms.
If these constituted the only words, or the last ones, from our Supreme Court, they would cause us to pause. But they are neither. These expressions were not made with any consideration of section 186.22, much less the impact of its subdivision (b)(5). The language precedes Lopez, and frankly cannot be squared with Lopez 's construction of subdivision (b)(5) as precluding a 10-year enhancement to a life term. If the Supreme Court meant these passages to have the meaning attributed by the Attorney General, it would have figured prominently in a Lopez opinion that reached the opposite conclusion.
In plain effect, because it is an alternative sentencing scheme, section 667.61 establishes penalties for specified offenses. It identifies a number of situations which, depending on the number of circumstances in aggravation, will be punished with a base term of either 15 or 25 years to life. (§ 667.61, subds.(a) & (b); People v. Anderson,supra, 47 Cal.4th 92, 102, 97 Cal.Rptr.3d 77, 211 P.3d 584.) Thus, section *308 667.61 addresses situations "where the felony by its own terms provides for a *752 life sentence," meaning that section 186.22, subdivision (b)(5) does apply. (See Montes,supra, at p. 352, 2 Cal.Rptr.3d 621, 73 P.3d 489.) Unlike Montes, this is a situation where one statute defines the crime and specifies the penalties, all of which are life terms. We reject the Attorney General's former reasoning that subdivision (b)(5) is immaterial because defendant's "ten convictions ... were not themselves life offenses, but [only] made life offenses by the One Strike Law." (See fn. 16, ante .) Those ten sentences constitute terms "punishable by imprisonment in the state prison for life," language construed in Lopez as precluding a 10-year enhancement under section 186.22, subdivision (b)(1)(C). We are therefore compelled to conclude that the trial court erred in sentencing defendant to a consecutive 10-year term of imprisonment on each of the life terms to which defendant was sentenced.[19]
There remains the issue of remedy. In Lopez the Supreme Court decided that "the sentence must be modified to delete the 10-year gang enhancement imposed under Penal Code section 186.22(b)(1)(C)." (Lopez, at p. 1011, 22 Cal.Rptr.3d 869, 103 P.3d 270.) Because the defendant in Lopez had been convicted of a single substantive offense, the modification could be accomplished at the appellate level. (Cf. People v. Arauz (2012) 210 Cal.App.4th 1394, 1405, 149 Cal.Rptr.3d 211 [judgment affirmed as modified after Court of Appeal struck 10-year enhancements on two counts].) Here, however, we are dealing with an sentence enhancement attached to at least 10 counts. Perhaps in recognition of this complicating reality, defendant asks that the cause be remanded for resentencing. The Attorney General does not oppose this procedure.[20] We also believe that providing the trial court with a fresh opportunity for sentencing is most efficient and respectful solution.
*753 DISPOSITION
The sentence is vacated and the cause is remanded for the sole purpose of resentencing in accordance with this opinion.
*309 The judgment of conviction is affirmed in all other respects.
We concur:
Kline, P.J.
Stewart, J.

Statutory references are to the Penal Code unless otherwise indicated. Defendant was convicted of one count of kidnapping for sexual purposes (§ 209, subd. (b)(1)); one count of kidnapping during a carjacking (§ 209.5, subd. (a)); one count of carjacking (§ 215, subd. (a)); one count of second degree robbery (§§ 211, 212.5, subd. (c)); active participation in the criminal conduct of a criminal street gang (§ 186.22, subd. (a)); two counts of forcible sexual penetration (§ 289); two counts of forcible sodomy in concert (§ 286, subd. (d)(1)); two counts of forcible rape in concert (§ 264.1, subd. (a)); and four counts of forcible oral copulation in concert (§ 288a, subd. (d)(1)).
Each of the two kidnapping counts, the carjacking count, and the robbery count included allegations found true by the jury that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)), and involved the personal use of a deadly weapon (§ 12022, subd. (b)(1)) and the personal infliction of great bodily injury (§ 12022.7, subd. (a)).
The gang participation count included sustained allegations of the personal use of a deadly weapon and the personal infliction of great bodily injury.
Each of the two forcible sexual penetration counts included sustained allegations that it was a hate crime (§ 422.75) and that defendant committed the offenses for the benefit of a criminal street gang, and while he was armed with and personally used a deadly weapon (§§ 12022, subd. (b)(1), 12202.3, subd. (b)).
Each of the two forcible sodomy counts included sustained allegations that it was a hate crime and committed in concert (§ 422.75, subd. (b)); that defendant was armed with and personally used a deadly weapon, and personally inflicted great bodily injury (§§ 667.61, subd. (d)(6), 12022.7, 12022.8); that the offense involved a kidnapping that substantially increased the risk to the victim (§ 667.61, subds.(d)(2)); and that it was committed for the benefit of a criminal street gang.
Each of the two forcible rape counts included sustained allegations that it was a hate crime and committed in concert; that defendant was armed with and personally used a deadly weapon; that the offense was committed for the benefit of a criminal street gang; and that the offense involved a kidnapping that substantially increased the risk to the victim.
Three of the four forcible oral copulation counts included sustained allegations that it was a hate crime and committed in concert, for the benefit of a criminal street gang; that defendant was armed with a deadly weapon; and that the offense involved a kidnapping that substantially increased the risk to the victim. In addition, the fourth count also included the sustained allegation that during the commission of the offense defendant personally used a deadly weapon.

See footnote *, ante.

Which, in pertinent part, provides: "[A]ny person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished as follows: [¶] ... [¶] If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years." The subdivision further provides that "any person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life shall not be paroled until a minimum of 15 calendar years have been served." (§ 186.22, subd. (b)(5).)

The probation officer advised the trial court of the extensive criminal history defendant had amassed by the time he was 36: "[D]efendant has twenty felony convictions, three of which are for auto theft, three for receiving stolen property, two for kidnapping [in addition to the current convictions].... [¶] He has eight misdemeanor convictions, three of which are for possessing a controlled substance and one each for assault, vandalism, receiving stolen property, hit and run, and evading police. [¶] As a juvenile, the court sustained one felony charge of attempted robbery. [¶] The juvenile court sustained four misdemeanor charges of weapon on a school campus, attempted auto theft, vandalism, and unlicensed driver."

16 The Supreme Court in Montes also spoke of the "punishable by imprisonment in the state prison" language of section 186.22, subdivision (b)(5) as being limited to "the underlying felony itself" (Montes, at pp. 353, 357, 2 Cal.Rptr.3d 621, 73 P.3d 489 ) and "the felony provision itself." (Id. at pp. 358-359.) The Attorney General placed considerable stress on these formulations, the clear implication being that rape, sodomy, oral copulation, and sexual penetration do not qualify because sections 261, 286, 288a, and 289 do themselves specify that any of these offenses is punishment by a life term (e.g., "appellant was convicted of ten counts that were .... all felonies that by themselves are punished by determinate sentences. [Citations.] [A]pplication of the One Strike Law made the sentence for each of these counts an indeterminate life term."). The Penal Code is peppered with statutes defining crimes, with the punishment for those crimes being laid down in other statutes. The most obvious example is murder, which is defined in section 187, divided into degrees in section 189, and punished according to sections 190, 190.03, 190.05, 190.2, and 190.25. If the Attorney General was suggesting that the statutes defining and specifying the punishment for an offense cannot be read together, such an approach is patently unreasonable and unworkable. We do not believe in Montes the Supreme Court intended to endorse anything this impractical when it made the statement quoted in the text.
It is true that in Montes the Supreme Court disapproved of the Court of Appeal "look[ing] to a different section of the Penal Code ... not incorporated in the language of the felony provision ..., in order to find that the felony provided for a life term." (Montes, at pp. 358-359, 2 Cal.Rptr.3d 621, 73 P.3d 489.) However, we believe this language was meant to apply to the penalty vs. enhancement dichotomy (discussed post ), and not to situations where an offense is defined in one statute and punished according to another.

The subdivision provides: "Any person who is convicted of a felony enumerated in this paragraph committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, be sentenced to an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of: [¶] (A) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 3046, if the felony is any of the offenses enumerated in subparagraph (B) or (C) of this paragraph. [¶] (B) Imprisonment in the state prison for 15 years, if the felony is a home invasion robbery, in violation of subparagraph (A) of paragraph (1) of subdivision (a) of Section 213; carjacking, as defined in Section 215; a felony violation of Section 246; or a violation of Section 12022.55.[¶] (C) Imprisonment in the state prison for seven years, if the felony is extortion, as defined in Section 519; or threats to victims and witnesses, as defined in Section 136.1."
This was the basis for the 15 years to life sentence for the carjacking. Concerning that count, the jury sustained the allegation that the offense was committed for the benefit of a gang, but the trial court did not impose a ten-year enhancement on top of the indeterminate term.

Which, we note, the Supreme Court reiterated in another decision filed on the same day as Jones : "Nothing in this opinion should be read as undermining the validity of the strict distinction this court has drawn in the past between sentence enhancements and penalty provisions in other contexts." (People v. Brookfield (2009) 47 Cal.4th 583, 595, 98 Cal.Rptr.3d 535, 213 P.3d 988.)

Nevertheless, we acknowledge that the issue was a novel and thorny one with which the court and both counsel grappled. The prosecutor stated that "it took about five district attorneys and a representative from the AG's Office to try to calculate the correct sentence for Mr. Salvador...." Defendant's sentencing was originally set for February, but was continued to May so that all concerned could try to find the solution. It is clear from the sentencing hearing that the trial court's ten-page statement of reasons was written in advance and read into the record. The court erred, but it was certainly not from lack of diligence or reflection.

The careful reader may have noted that the past tense has been used with respect to the Attorney General's position on this sentencing issue. The reason for the unusual phrasing requires explanation. Both sides waived oral argument. Because we were concerned that an issue of this magnitude should receive the most consideration possible, we directed the parties to present oral argument on the sentencing issue. Upon further reflection on the matter, Senior Assistant Attorney General Jeffrey M. Laurence advised that, "after careful reconsideration," the Office of the Attorney General was withdrawing its opposition to defendant's argument. "Instead, we agree with appellant's claim that the sentences on the counts in question are indeterminate life terms as a consequence of the application of section 667.61, and that section 186.22, subdivision (b)(5) governs. We therefore acknowledge the trial court erred in imposing the ten 10-year terms pursuant to section 186.22, subdivision (b)(1)(C)." We commend the Office of the Attorney General, and Mr. Laurence, for this approach to their professional responsibilities to this court and to the People of the State of California.