[No. A105204. First Dist., Div. Three. Aug. 30, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK ALBERT FLOREZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*This opinion is certified for partial publication. (Cal. Rules of Court, rules 976(b) and 976.1.) The portions to be published are the introduction, part V.A. of the Discussion, and the Disposition.

## Counsel

Joseph Shipp, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Rene A. Chacon and Ryan B. McCarroll, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**McGUINESS, P. J.**—Frank Albert Florez was charged with the murder of Melissa Torre and the felony offense of discharging a firearm at an inhabited dwelling in violation of Penal Code[1] section 246, committed for the benefit of a criminal street gang under section 186.22, subdivision (b)(4) (hereafter section 186.22(b)(4)). He was also charged with possessing a firearm as an ex-felon, in violation of section 12021, subdivision (a)(1) (hereafter section 12021 (a)(1)), with a criminal street gang enhancement under section 186.22, subdivision (b), paragraph (1), subparagraph (A) (hereafter section 186.22(b)(1)(A)). After a jury trial, Florez was convicted of discharging a firearm at an inhabited dwelling, committed for the benefit of a criminal street gang, and possessing a firearm as an ex-felon. The jury also found true the gang enhancement allegation relating to the latter offense. The jury did not reach a verdict on the murder count, and the court dismissed that count on the prosecutor's motion.

In the published portion of the opinion, we conclude that Florez's conviction for the felony offense of discharging a firearm at an inhabited dwelling in violation of section 246, committed for the benefit of a criminal street gang under section 186.22(b)(4), qualifies as a "felony offense listed in subdivision (c) of Section 667.5," thereby limiting Florez's presentence conduct credit to 15 percent under section 2933.1. In the unpublished portion of the opinion, we conclude that Florez's various challenges to his convictions do not warrant reversal. However, we agree with the parties that the sentence imposed upon the conviction for discharging a firearm at an inhabited dwelling, committed for the benefit of a criminal street gang should be modified to reflect that the sentence was imposed under section 186.22(b)(4) and is not subject to the 15-year minimum parole eligibility period under section 186.22, subdivision (b)(5) (hereafter section 186.22 (b)(5)), and that the amended abstracts of judgments issued on remittitur should reflect case No. H33067, the total credit for presentence time served of 552 days, and that the court used section 2933.1 in computing presentence conduct credit. In all other respects, we affirm the judgment.

---

[1] All further unspecified statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

I.–IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

V. *Sentencing Issues*

A. *Calculation of Presentence Conduct Credit Under Section 2933.1*

Florez was convicted of the felony offense of discharging a firearm at an inhabited dwelling in violation of section 246, committed for the benefit of a criminal street gang under section 186.22(b)(4), and of possessing a firearm as an ex-felon in violation of section 12021(a)(1), with a criminal street gang enhancement under section 186.22(b)(1)(A). Without objection, the trial court calculated Florez's presentence conduct credits under section 2933.1, awarding him only 15 percent of the actual days he spent in presentence custody.

 Section 2933.1 provides, in pertinent part: "(a) . . . [A]ny person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit. . . . [¶] . . . [¶] (c) Notwithstanding Section 4019 [which authorizes presentence conduct credit] or any other provision of law, the maximum credit that may be earned against a period of confinement in . . . a county jail, . . . following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)." Florez argues that none of his convictions qualifies as a felony offense listed in section 667.5, subdivision (c) (hereafter section 667.5(c)), and therefore, the court erred in limiting the award of presentence conduct credit under section 2933.1.[12] We disagree, concluding that the felony

---

* See footnote, *ante,* page 314.

[12] A challenge to an award of presentence conduct credit may be raised at any time. (*People v. Acosta* (1996) 48 Cal.App.4th 411, 428, fn. 8 [55 Cal.Rptr.2d 675].) Section 1237.1 provides that a request for a correction should be first presented to the trial court. Although Florez moved ex parte for a correction, he has not notified us whether the request has been ruled upon by the trial court. In any event, when other issues are litigated on appeal, as in this case, section 1237.1 "does not require defense counsel to file [a] motion to correct a presentence award of credits in order to raise that question on appeal." (*People v. Acosta, supra,* 48 Cal.App.4th at p. 427.)

conviction for discharging a firearm at an inhabited dwelling house in violation of section 246, committed for the benefit of a criminal street gang under section 186.22(b)(4) qualifies as "a felony offense listed in subdivision (c) of Section 667.5," thereby limiting Florez's presentence conduct credit to 15 percent. (§ 2933.1.)[13]

■ By voting for Proposition 21 (Gang Violence and Juvenile Crime Prevention Act of 1998, eff. Mar. 8, 2000), the electorate created six new life-term gang-related felony offenses. Paragraph (4) of Section 186.22(b) "is an alternate penalty provision that provides for an indeterminate life sentence for certain underlying felony offenses that are gang related." (*People v. Briceno* (2004) 34 Cal.4th 451, 460, fn.7 [20 Cal.Rptr.3d 418, 99 P.3d 1007], citing *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900, fn. 6 [135 Cal.Rptr.2d 30, 69 P.3d 951]; see also *People v. Lopez* (2005) 34 Cal.4th 1002, 1004 [22 Cal.Rptr.3d 869, 103 P.3d 270].) The paragraph provides that when certain enumerated felonies are committed for the benefit of a criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, the defendant shall be punished for the enumerated felony by "an indeterminate term of life imprisonment" with a specified minimum term. (§ 186.22(b)(4).)[14] One of the numerated felonies includes the offense at issue in this case, the felony offense of discharging a firearm at an inhabited dwelling in violation of section 246. (§ 186.22(b)(4).)

■ Section 667.5(c) includes "both specific, enumerated crimes and descriptions of criminal conduct," which are deemed "violent" felonies.

---

[13] Florez's conviction for possession of a firearm as an ex-felon under section 12021(a)(1), in aid of a criminal street gang does not qualify as a "violent felony" under any paragraph of section 667.5(c). However, "by its terms, section 2933.1 applies to the offender not to the offense and so limits a violent felon's [presentence] conduct credits irrespective of whether or not all his or her offenses come within section 667.5." (*People v. Ramos* (1996) 50 Cal.App.4th 810, 817 [58 Cal.Rptr.2d 24]; see *In re Reeves* (2005) 35 Cal.4th 765, 774–775 [28 Cal.Rptr.3d 4, 110 P.3d 1218].)

[14] Section 186.22 (b)(4) reads: "Any person who is convicted of a felony enumerated in this paragraph committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, be sentenced to an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of: [¶] (A) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 3046, if the felony is any of the offenses enumerated in subparagraphs (B) or (C) of this paragraph. [¶] (B) Imprisonment in the state prison for 15 years, if the felony is a home invasion robbery, in violation of subparagraph (A) of paragraph (1) of subdivision (a) of Section 213; carjacking, as defined in Section 215; a felony violation of Section 246; or a violation of Section 12022.55. [¶] (C) Imprisonment in the state prison for seven years, if the felony is extortion, as defined in Section 519 [*sic*—should be section 518, which defines extortion]; or threats to victims and witnesses, as defined in Section 136.1."

(*People v. Ruiz* (1999) 69 Cal.App.4th 1085, 1089 [82 Cal.Rptr.2d 139].) At issue here is section 667.5(c), paragraph (7), which states, "Any felony punishable by death or imprisonment in the state prison for life." The life term punishment under section 186.22(b)(4) is imposed " '*for the underlying felony itself*, when the jury has determined that the defendant has satisfied the conditions specified in the statute.' " (*Robert L. v. Superior Court, supra,* 30 Cal.4th at p. 900, fn. 6, quoting *People v. Jefferson* (1999) 21 Cal.4th 86, 101 [86 Cal.Rptr.2d 893, 980 P.2d 441], italics added.) Thus, a felony conviction under section 186.22(b)(4), punishable by life imprisonment, qualifies as "[a] felony punishable by . . . imprisonment in the state prison for life," within the plain meaning of paragraph (7) of section 667.5(c).

Florez's reliance upon *People v. Thomas* (1999) 21 Cal.4th 1122 [90 Cal.Rptr.2d 642, 988 P.2d 563] is misplaced. In *Thomas*, the defendant was convicted of first degree residential burglary, making a terrorist threat, possession of a firearm by a felon, and false imprisonment of a hostage. (*Id.* at p. 1124.) None of the offenses were listed as a violent offense in section 667.5(c) nor were any of the offenses punishable by a life term. (21 Cal.4th at p. 1127, 1130.) The basis for the trial court's imposition of life sentences was that the convictions qualified as the defendant's "third strike" under the three strikes law. (*Id.* at p. 1127.) The Supreme Court held that under those circumstances, the defendant was entitled to presentence conduct credit under section 4019 for the convictions, and not the lesser maximum amount of 15 percent under section 2933.1. (21 Cal.4th at p. 1127.) In so ruling, the court concluded that "sections 2933.1 and 667.5(c)(7) limit a defendant's presentence conduct credit to a maximum of 15 percent only when the defendant's current conviction is itself punishable by life imprisonment, not when it is so punishable solely due to his status as a recidivist" under the three strikes law. (*Id.* at p. 1130.)

Unlike the recidivist situation in *Thomas*, section 186.22(b)(4)'s inquiry "focuses on 'an element of the commission of the crime' (the intent to assist a criminal street gang) that justifies particularly severe punishment." (*People v. Jefferson, supra,* 21 Cal.4th at p. 101.) As noted, paragraph (4) of section 186.22(b) " 'sets forth an *alternate* penalty for the underlying felony itself, when the jury has determined that the defendant has satisfied the conditions specified in the statute.' " (*Robert L. v. Superior Court, supra,* 30 Cal.4th at p. 900, fn. 6, quoting *People v. Jefferson, supra,* 21 Cal.4th at p. 101.) Because the underlying felony conviction, discharging a firearm at an inhabited dwelling in violation of section 246, committed for the benefit of a criminal street gang under section 186.22(b)(4) "is itself punishable by life imprisonment" (*People v. Thomas, supra,* 21 Cal.4th at p. 1130), it is a felony offense within the meaning of paragraph (7) of section 667.5(c).

 " 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction. [Citation.] Thus, [1] "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation]. [2] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] [3] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] [¶] In other words, our 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' [Citation.]" (*Robert L. v. Superior Court, supra,* 30 Cal.4th at pp. 900–901.)

 We are not persuaded by Florez's argument that because section 667.5(c) specifically includes certain felonies for which a life term could be imposed under section 186.22(b)(4),[15] the electorate intended to exclude as violent felonies the other life-term felony offenses enumerated in section 186.22(b)(4). It is not uncommon for section 667.5(c) to list violations of Penal Code sections even though such a violation obviously would be covered by the general category of "any felony" subject to life term imprisonment under paragraph (7) of section 667.5(c). For example, by Proposition 21, the electorate added to section 667.5(c)'s list a violation of section 12310 (§ 667.5(c)(13)), even though a violation of section 12310 already met the definition of a violent felony under paragraph (7) of section 667.5(c) because it was a felony punishable by imprisonment in the state prison for life. (§ 12310.) Thus, that two of the enumerated felonies in section 186.22(b)(4) are expressly listed in section 667.5(c) does not require us to conclude that the electorate meant to exclude the other life-term enumerated felonies under section 186.22(b)(4) from being deemed violent felonies under paragraph (7) of section 667.5(c). **(7)** (See *People v. Athar* (2005) 36 Cal.4th 396, 405 [30 Cal.Rptr.3d 570, 114 P.3d 806] ["general plain meaning expressed" in statute "does not require additional . . . clarity"].)

Florez does not argue that the electorate did not intend to create new life-term gang-related felony offenses under section 186.22(b)(4). He further concedes that under his interpretation, a gang-related violation of section 246 would be the only new life-term gang-related felony not subject to the section 2933.1 limitation otherwise applicable to the other new life-term gang-related

---

[15] By Proposition 21, the electorate, in pertinent part, added to section 667.5(c)'s list the following paragraphs: "(19) Extortion, as defined in Section 518, which would constitute a felony violation of Section 186.22 of the Penal Code. [¶] (20) Threats to victims or witnesses, as defined in Section 136.1, which would constitute a felony violation of Section 186.22 of the Penal Code." (§ 667.5(c)(19), (20).)

felonies under section 186.22(b)(4).[16] According to Florez, the voters could easily have determined that a violation of section 246 under certain circumstances might be less serious than the other enumerated felonies, and therefore, presentence conduct credit restrictions placed on violent felons under section 2933.1 should not apply to defendants who commit a gang-related violation of section 246. However, we see no reason for the electorate to treat differently the new life-term gang-related felony offenses under section 187.22(b)(4). It is not likely that the electorate contemplated the various ways in which a defendant could violate the life-term gang-related felonies in determining whether those offenses should be deemed violent offenses under section 667.5(c)(7).

 In any event, "it matters not whether the . . . voters . . . consciously considered all the effects and interrelationships of the provisions they . . . enacted. We must take the language . . . as it was passed into law, . . . without doing violence to the language and spirit of the law, interpret it so as to harmonize and give effect to all its provisions." (*People v. Garcia* (1999) 21 Cal.4th 1, 14 [87 Cal.Rptr.2d 114, 980 P.2d 829], fn. omitted.) Our reading of the statutes—that the section 186.22(b)(4) life-term gang-related felony offenses, including the felony violation of section 246, qualify as felony offenses under section 667.5(c)(7)—is consistent with the rules of statutory construction.

 Because Florez's felony conviction for discharging a firearm at an inhabited dwelling in violation of section 246 committed for the benefit of a criminal street gang under section 186.22(b)(4) is a felony offense within the meaning of section 667.5(c)(7), the trial court properly limited Florez's presentence conduct credit to 15 percent under section 2933.1.

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The matter is remanded to the trial court to modify the sentence imposed upon the conviction for discharging a firearm at an inhabited dwelling

---

[16] Section 667.5(c)'s list of violent offenses includes: "[a]ny robbery"; "[c]arjacking, as defined in subdivision (a) of section 215"; "[a]ny felony in which the defendant uses a firearm which use has been charged and proved as provided in Section . . . 12022.55"; "[e]xtortion, as defined in Section 518, which would constitute a felony violation of Section 186.22 under the Penal Code"; and "[t]hreats to victims or witnesses, as defined in Section 136.1, which would constitute a felony violation of Section 186.22 of the Penal Code." (§ 667.5(c)(8), (9), (17), (19), (20).)

*See footnote, *ante*, page 314.

committed for the benefit of a criminal street gang, to reflect that the sentence was imposed under Penal Code section 186.22(b)(4), and the 15-year minimum parole eligibility period under Penal Code section 186.22(b)(5) is not applicable. As so modified, the judgment is affirmed. The trial court is directed to issue amended abstracts of judgments for the indeterminate and determinate terms of imprisonment, reflecting the modified sentence, case No. H33067, the total number of days to be credited for presentence time served of 552 days, and that presentence conduct credit was computed under Penal Code section 2933.1. The court shall forward copies of the amended abstracts to the Department of Corrections.

Corrigan, J., and Pollak, J., concurred.

A petition for a rehearing was denied September 19, 2005, and appellant's petition for review by the Supreme Court was denied December 14, 2005.