183 Cal.App.4th 1049 (2010)
THE PEOPLE, Plaintiff and Respondent,
v.
SHANTAL HOUSE, Defendant and Appellant.
No. B212057.
Court of Appeals of California, Second District, Division One.
April 9, 2010.
CERTIFIED FOR PARTIAL PUBLICATION[*]
*1051 Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Stephanie C. Brenan and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
CHANEY, J.
Defendant/appellant Shantal House (Appellant) was charged in two separate informations with numerous theft-related offenses. Following plea negotiations, Appellant entered guilty pleas to one count from each *1052 information: (1) making a false financial statement, and (2) grand theft of an automobile, with the allegation that the property's value exceeded $50,000. (Pen. Code, §§ 487, subd. (d)(1), 532a, subd. (1), 12022.6, subd. (a)(1).)
Appellant challenges the amounts of the restitution and parole revocation fines imposed by the trial court. She contends the trial court did not realize that it had the discretion to impose lower fines. Although Appellant did not object to the fines in the trial court, she contends that we nonetheless should address the issue because the failure to object constituted ineffective assistance of counsel. We will hold that Appellant forfeited her right to object to the amounts of the fines and that she has failed to establish that her counsel provided ineffective assistance in failing to object. We will further hold that, even if Appellant did not forfeit her claim, the trial court did not abuse its discretion in imposing the fines.
Appellant filed supplemental briefing, contending that the recent amendment to Penal Code section 4019, concerning the calculation of presentence custody credits, applies retroactively to her sentence. We will hold that the amendment applies retroactively and will therefore remand for the trial court to recalculate the award of presentence custody credits.

BACKGROUND

I. Factual Background[*]

II. Procedural Background

In July 2008, Appellant was charged by information in No. NA076708 with 12 theft-related offenses: two counts of identity theft (Pen. Code, § 530.5); one count of grand theft auto (Pen. Code, § 487, subd. (d)(1)); two counts of false financial statement (Pen. Code, § 532a, subd. (1)); three counts of forgery (Pen. Code, § 476); one count of grand theft of personal property (Pen. Code, § 487, subd. (a)); two counts of theft of access card information (Pen. Code, § 484e, subd. (d)); and one count of grand theft of real property (Pen. Code, § 487, subd. (a)). Appellant pleaded not guilty to all counts.
In July 2008, Appellant filed a Marsden motion (People v. Marsden (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]), seeking to discharge her attorney. The court denied her motion.
*1053 In August 2008, Appellant was charged by separate information in No. VA104177 with 10 counts: one count of second degree commercial burglary, with the allegation that the property's value exceeded $50,000 (Pen. Code, §§ 459, 12022.6, subd. (a)(1) (2007)[1]); one count of grand theft auto, with the same allegation that the property's value exceeded $50,000 (Pen. Code, §§ 487, subd. (d)(1), 12022.6, subd. (a)(1)); one count of unlawful taking of a vehicle (Veh. Code, § 10851); one count of false financial statement (Pen. Code, § 532a, subd. (1)); four counts of forgery (Pen. Code, § 476); one count of identity theft (Pen. Code, § 530.5); and one count of perjury on her application for a driver's license (Pen. Code, § 118, subd. (a)). This case was transferred to Long Beach to be considered with the first case.
Appellant filed another Marsden motion, but she withdrew the motion and entered into plea negotiations. Appellant subsequently withdrew her not guilty pleas in case No. NA076708 and entered a guilty plea to count three, false financial statement. (Pen. Code, § 532a, subd. (1).) As to case No. VA104177, Appellant agreed to plead guilty to count two, grand theft auto, and admitted the allegation that the property's value exceeded $50,000. (Pen. Code, §§ 487, subd. (d)(1), 12022.6, subd. (a)(1).)
Appellant's plea agreement included a Harvey waiver (People v. Harvey (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]), which allows the trial court to consider dismissed counts in determining a sentence. Thus, when Appellant was advised of her rights at the hearing, she specifically was asked if she understood that the court would order her to pay "certain fines and fees associated with [her] change in plea." Appellant also was advised as follows: "Furthermore, you're also going to have to pay money to the victims in this case. Now, that's called restitution. And you are agreeing to pay restitution on the counts that you are going to be convicted of and the counts that will be dismissed." Appellant indicated that she understood that she would have to pay the fines and the restitution on all the counts.
At sentencing, the trial court sentenced Appellant to the upper term of three years on the false financial statement count of No. NA076708. Appellant was given credit for 92 days in actual custody and 46 days of good time/work time credit. Appellant was ordered to pay a $200 restitution fine per year, for a total of $600, restitution of $23,848.01 to Chrysler Financial, restitution of $2,900 to Enclave Apartments, and a $20 court security assessment fee.
*1054 As to the grand theft auto count of No. VA104177, Appellant was sentenced to the upper term of three years, plus a one-year enhancement, for a total of four years, to run concurrently with the sentence in No. NA076708. Appellant received credit for 88 days in actual custody and 44 days of good time/work time credit. The court ordered Appellant to pay a $200 restitution fine per year, for a total of $800, a $20 court security fee, and a $200 per year parole revocation restitution fine, again totaling $800, that was suspended unless parole is revoked.
Appellant filed a notice of appeal, seeking reversal based on ineffective assistance of counsel. Appellant's request for a certificate of probable cause was denied. This court therefore granted Appellant's motion to amend her notice of appeal to include language indicating that her appeal is based on grounds occurring after entry of the plea which do not affect its validity. Appellant subsequently filed a motion for leave to file a supplemental brief regarding an amendment to Penal Code section 4019, effective January 25, 2010. Appellant's motion was granted, and we sought briefing by respondent.

DISCUSSION
Appellant challenges the amounts of the restitution and parole revocation restitution fines, contending that the trial court did not know that it had discretion to impose lower fines. Appellant acknowledges that she did not object to the amounts of the fines in the trial court, but she contends that her claim is not forfeited because she did not have a meaningful opportunity to object, and, in the alternative, that her counsel's failure to object constituted ineffective assistance of counsel. Finally, Appellant contends that the recent amendment to Penal Code section 4019 should be applied retroactively to entitle her to additional presentence custody credits.

I.-III.[*]

IV. Penal Code Section 4019

(1) Under Penal Code section 2900.5, a defendant sentenced to imprisonment is entitled to presentence custody credit pursuant to Penal Code section 4019, which sets forth the formula to determine the accrual of work and conduct presentence credits. At the time of Appellant's sentencing, section *1055 4019 provided for one day of work time credit and one day of conduct credit for each six-day period of custody. (Pen. Code, § 4019, subds. (b) & (c) (2008).) Effective January 25, 2010, the statute was amended to provide for one day each of work time and conduct credit for every four-day period of custody. (Pen. Code, § 4019, subds. (b) & (c), as amended by Stats. 2009-2010 3d Ex. Sess., ch. 28, § 50.) Appellant contends that the statute should be applied retroactively, entitling her to additional credits.[2] Whether a statutory amendment applies retroactively is a question of law subject to independent review. (In re Chavez (2004) 114 Cal.App.4th 989, 994 [8 Cal.Rptr.3d 395].)
(2) Penal Code section 3 provides that no part of the Penal Code is retroactive, "unless expressly so declared." (Pen. Code, § 3.) "We have previously construed the statute to mean `[a] new statute is generally presumed to operate prospectively absent an express declaration of retroactivity or a clear and compelling implication that the Legislature intended otherwise. [Citation.]' [Citation.] [¶] As its own language makes clear, section 3 is not intended to be a `straitjacket.' `Where the Legislature has not set forth in so many words what it intended, the rule of construction should not be followed blindly in complete disregard of factors that may give a clue to the legislative intent. It is to be applied only after, considering all pertinent factors, it is determined that it is impossible to ascertain the legislative intent.' [Citation.]" (People v. Alford (2007) 42 Cal.4th 749, 753-754 [68 Cal.Rptr.3d 310, 171 P.3d 32], quoting In re Estrada (1965) 63 Cal.2d 740, 746 [48 Cal.Rptr. 172, 408 P.2d 948] (Estrada).)
Notwithstanding Penal Code section 3, it is a "well-established principle that, absent a saving clause, a defendant is entitled to the benefit of a more recent statute which mitigates the punishment for the offense ...." (People v. Babylon (1985) 39 Cal.3d 719, 725 [216 Cal.Rptr. 123, 702 P.2d 205].) "`"The rule applies to any [criminal] proceeding which, at the time of the supervening legislation, has not yet reached final disposition in the highest court authorized to review it." [Citation.]' [Citation.]" (People v. Vasquez (1992) 7 Cal.App.4th 763, 768 [9 Cal.Rptr.2d 255].)
"The rule, therefore, is this: `[W]here the amendatory statute mitigates punishment and there is no saving clause, ... the amendment will operate *1056 retroactively so that the lighter punishment is imposed' in all cases in which judgment was not yet final when the amendment took effect. [Citation.] Cases in which judgment is not yet final include those in which a conviction has been entered and sentence imposed but an appeal is pending when the amendment becomes effective. [Citations.]" (In re N.D. (2008) 167 Cal.App.4th 885, 891 [84 Cal.Rptr.3d 517].)
(3) This rule was set forth in Estrada and is based on a consideration that the California Supreme Court has described as "of paramount importance: `When the Legislature amends a statute so as to lessen the punishment, it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply.' [Citations.]" (People v. Nasalga (1996) 12 Cal.4th 784, 791-792 [50 Cal.Rptr.2d 88, 910 P.2d 1380].) Thus, "Estrada stands for the rule that when the Legislature amends a statute for the purpose of lessening the punishment, in the absence of clear legislative intent to the contrary, a criminal defendant should be accorded the benefit of a mitigation of punishment adopted before his criminal conviction became final. [Citation.]" (In re Chavez, supra, 114 Cal.App.4th at p. 999.)
Here, the Legislature did not include a saving clause. The parties agree that there is no express indication of legislative intent as to whether the amendment applies retroactively. Respondent contends, however, that the principle of Estrada does not apply because a change in the statute determining the accrual of conduct credits is not a statute lessening punishment. We disagree.
(4) The plain language of the statute indicates that the amendment mitigates punishment. Prior to the amendment, "[f]or each six-day period in which a prisoner is confined ..., one day shall be deducted from his or her period of confinement ...," unless the prisoner does not comply with certain requirements. (Pen. Code, § 4019, subd. (c) (2008).) As amended, one day shall be deducted for each four-day period. The amendment thus explicitly lessens punishment.
In People v. Doganiere (1978) 86 Cal.App.3d 237, 239-240 [150 Cal.Rptr. 61], the court relied on Estrada to hold that a 1978 amendment to Penal Code section 2900.5 applied retroactively. The court rejected an argument very similar to that which respondent makes here: "The Attorney General *1057 argues ... that the extension of the opportunity to earn good time credit is designed to control future prison inmate behavior, encourage future cooperation in prison programs, and foster future inmate self-improvement. We find the Attorney General's argument to be interesting, but unpersuasive. [¶] It appears to us that in applying the principles of Estrada, as indeed we must, the Legislature simply intended to give credit for good behavior and in so doing, dangled a carrot over those who are serving time." (86 Cal.App.3d at p. 239.)
Similarly, in People v. Hunter (1977) 68 Cal.App.3d 389, 393 [137 Cal.Rptr. 299], the court relied on Estrada to hold that a 1976 amendment to Penal Code section 2900.5 applied retroactively. The court acknowledged that Estrada concerned a statute that lessened the maximum sentence for a particular crime, while the amendment to section 2900.5 concerned presentence credit. Nonetheless, the court held that "the distinction is without legal significance." (68 Cal.App.3d at p. 393.)
Respondent points out that Senate Bill No. 18 (2009-2010 3d Ex. Sess.) explicitly states that "[t]his act addresses the fiscal emergency declared by the Governor ...." (Stats. 2009, ch. 28, § 62.) Contrary to respondent's argument, we believe that this statement actually supports Appellant's position that the amendment should be applied retroactively. Applying the amendment prospectively does not address the fiscal emergency declared by the Governor.
(5) To reiterate, the rule is that, "when the Legislature amends a statute for the purpose of lessening the punishment, in the absence of clear legislative intent to the contrary, a criminal defendant should be accorded the benefit of a mitigation of punishment adopted before his criminal conviction became final. [Citation.]" (In re Chavez, supra, 114 Cal.App.4th at p. 999.) Respondent has pointed to nothing that indicates "clear legislative intent" that Appellant should not be entitled to the benefit of this amendment lessening punishment. We therefore hold that the amendment to Penal Code section 4019 applies retroactively and that Appellant is entitled to the benefit of the amendment.[3] (Accord, People v. Brown (2010) 182 Cal.App.4th 1354.)[4]

*1058 DISPOSITION
The judgment is reversed only as to the calculation of Appellant's custody credits. On remand, the trial court is directed to recalculate Appellant's custody credits under Penal Code section 4019, as amended. The judgment is affirmed in all other respects.
Rothschild, Acting P. J., and Johnson, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part I of the Background and parts I, II and III of the Discussion.
[*] See footnote, ante, page 1049.
[1] Penal Code section 12022.6, subdivision (a)(1) has been amended to increase the loss amount to $65,000. (Pen. Code, § 12022.6, subd. (a)(1), as amended by Stats. 2007, ch. 420, § 1.)
[*] See footnote, ante, page 1049.
[2] "A challenge to an award of presentence conduct credit may be raised at any time. [Citation.]" (People v. Florez (2005) 132 Cal.App.4th 314, 318, fn. 12 [33 Cal.Rptr.3d 632].) Penal Code section 1237.1 requires a request for correction of such credits to be directed first to the trial court. However, where, as here, other issues are litigated on appeal, "section 1237.1 `does not require defense counsel to file [a] motion to correct a presentence award of credits in order to raise that question on appeal.' [Citation.]" (132 Cal.App.4th at p. 318, fn. 12.)
[3] Because we hold that the amendment applies retroactively, we need not address the argument that the failure to apply the amendment retroactively violates Appellant's right to equal protection.
[4] In so holding, we respectfully disagree with the decision of the Fifth District in People v. Rodriguez (2010) 182 Cal.App.4th 535 [105 Cal.Rptr.3d 345].