185 Cal.App.4th 990 (2010)
THE PEOPLE, Plaintiff and Respondent,
v.
GERALD JOHN EUSEBIO, Defendant and Appellant.
No. B216149.
Court of Appeals of California, Second District, Division Four.
June 18, 2010.
CERTIFIED FOR PARTIAL PUBLICATION[*]
*991 Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Keith H. Borjon and Sharlene A. Honnaka, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
EPSTEIN, P.J.
In the published portion of this opinion, we decide that an amendment to Penal Code section 4019[1] concerning conduct credit for county *992 jail inmates is not to be applied retroactively and that prospective application does not violate appellant's right to equal protection under the California Constitution. In the unpublished portion of the opinion, we conclude that section 654 precludes punishment of appellant Gerald John Eusebio for both passing a forged check and false personation where there was no temporal separation in the commission of the crimes and that the false personation offense was committed to facilitate the passing of the forged check under the instructions given the jury.

FACTUAL AND PROCEDURAL SUMMARY[*]

DISCUSSION

I[*]

II
Appellant was convicted of offenses arising from forging or altering checks and cashing them at commercial banks, using stolen identification. He requested and we granted permission for supplemental briefing on the retroactive application of new legislation on conduct credits. Counsel have submitted and we have reviewed their memoranda. The legislation which, among other things, amended section 4019 on conduct credit, was enacted in October 2009, and became effective January 25, 2010.
Former subdivisions (b) and (c) of section 4019 provided that "for each six-day period in which a prisoner is confined in or committed to" a local jail facility, one day is deducted from the period of confinement for performing assigned labor and one day is deducted from the period of confinement for satisfactorily complying with the rules and regulations of the facility. (Stats. 1982, ch. 1234, § 7, p. 4553.) Former subdivision (f) provided that "if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody."
The Legislature passed Senate Bill No. 3X 18 (2009-2010 3d Ex. Sess.) in October 2009, at an extraordinary session called to address the fiscal crisis. Among other things, Senate Bill No. 3X 18 amended section 4019 to provide for the accrual of presentence credits at twice the previous rate for all *993 prisoners except those required to register as a sex offender, committed for a serious felony (as defined in § 1192.7), or who have a prior conviction for a serious or violent felony. (§ 4019, subd. (b)(2); see also id., subd. (c)(2); Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50.) Subdivisions (b)(1) and (c)(1) of section 4019 now provide that one day of work credit and one day of conduct credit may be deducted for each four-day period of confinement or commitment. Subdivision (f) of section 4019 provides: "[I]f all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody...." (See also Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50.) Senate Bill No. 3X 18 went into effect on January 25, 2010.
(1) California courts are divided on the retroactive application of the amendment. The courts in People v. Rodriguez (2010) 182 Cal.App.4th 535 [105 Cal.Rptr.3d 345], review granted June 9, 2010, S181808, People v. Otubuah (2010) 184 Cal.App.4th 422, and People v. Hopkins (2010) 184 Cal.App.4th 615 [109 Cal.Rptr.3d 214], hold the amendments to section 4019 should not be given retroactive application. Other Court of Appeal panels that have published opinions on the issue hold that the amendment should be applied retroactively.[4] We are satisfied that the amendment should not be applied retroactively.
The "primary purposes of conduct credits for prison inmates are to encourage conformity to prison regulations, to provide incentives to refrain from criminal, particularly assaultive, conduct, and to encourage participation in `rehabilitative' activities. [Citations.]" (People v. Austin (1981) 30 Cal.3d 155, 163 [178 Cal.Rptr. 312, 636 P.2d 1].) Senate Bill No. 3X 18 (2009-2010 3d Ex. Sess.) "addresses the fiscal emergency declared by the Governor by proclamation on December 19, 2008." (Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 62.) It is not explicit on whether the amendment to section 4019 is to be applied only to credit earned after the operative date of the amendment, or to all presentence good conduct credit, whenever earned. The Senate Floor Analysis of Senate Bill No. 3X 18 states simply, "This bill now makes changes related to public safety necessary to implement the Budget Revisions *994 of the 2009 Budget." (Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 3X 18 (2009-2010 3d Ex. Sess.).)
(2) In the absence of an express statement of legislative intent on retroactive application of the amendment, our analysis is governed by a number of normative rules, which we and the other courts have considered. Section 3 of the Penal Code provides: "No part [of the Penal Code] is retroactive, unless expressly so declared." This statute has been construed to mean "`[a] new statute is generally presumed to operate prospectively absent an express declaration of retroactivity or a clear and compelling implication that the Legislature intended otherwise. [Citation.]' (People v. Hayes (1989) 49 Cal.3d 1260, 1274 [265 Cal.Rptr. 132, 783 P.2d 719].)" (People v. Alford (2007) 42 Cal.4th 749, 753 [68 Cal.Rptr.3d 310, 171 P.3d 32].) "To ascertain whether a statute should be applied retroactively, legislative intent is the `paramount' consideration ...." (People v. Nasalga (1996) 12 Cal.4th 784, 792 [50 Cal.Rptr.2d 88, 910 P.2d 1380].)
The leading case on the analysis of the retroactive application of amendments to criminal statutes is In re Estrada (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948] (Estrada). Estrada held that if an "amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, ... it, and not the old statute in effect when the prohibited act was committed, applies," unless the Legislature says otherwise. (Id. at p. 744.) We do not believe Estrada governs the application of the 2009 statute, which does not reduce punishment as such and is different from the reduction in prison terms effected by the legislative change considered in that decision. In People v. Otubuah, supra, 184 Cal.App.4th 422, the court concluded that "increases in custody credits should not be considered a mitigation in punishment." (Id. at p. 434.) The Otubuah court reasoned that increasing the rate at which credits are accrued does not represent a legislative determination that a prior punishment was too severe. (184 Cal.App.4th 422.)
Placing the arguments pro and con alongside each otherthe presumption for prospective application, rules pointing to extension of ameliorative changes in penal laws to everyone to whom they might apply, and the inference to be drawn from the uncodified provision referring to the administrative burden of applying the new lawone could come to a point of near equipoise. But there is another provision that we believe breaks the stalemate in favor of prospective application. We note, first, that, as amended by Senate Bill No. 3X 18 (2009-2010 3d Ex. Sess.), the general provision for conduct credit earned in prison is increased to the same ratio (1:1) as provided by section 4019 for county jail inmates. (A new provision, § 2933.05, provides further conduct reductions for prisoners who complete specified prisoner *995 programs.) With a single exception, there is nothing in these provisions indicating an intent for retroactive application for time spent in prison before the January 25, 2010 effective date of the enacting bill.
That exception is in section 2933.3, subdivision (d), in section 41 of the bill. It expressly provides for limited retroactive application of enhanced conduct credits, two days of credit for every day served, for prison inmates who have completed training as firefighters after July 1, 2009.[5] For these prisoners, the newly enhanced credit for prison time will apply retroactively for the period between July 1, 2009, and January 25, 2010. (§ 2933.3, subds. (b) & (c).) Reviewing this language, the court in People v. Hopkins, concluded that "[b]y expressly providing limited retroactivity in section 2933.3, subdivision (d), the Legislature demonstrated that it could, if it wished, similarly provide that other changes to the presentence credit scheme, such as the amendment to section 4019, would apply retroactively. Its failure to do so gives rise to the inference that the Legislature did not intend the amendment to section 4019 to have retroactive effect." (People v. Hopkins, supra, 184 Cal.App.4th at p. 626.) We agree with that analysis.
Section 59 of Senate Bill No. 3X 18 (2009-2010 3d Ex. Sess.) provides: "The Department of Corrections and Rehabilitation shall implement the changes made by this act regarding time credits in a reasonable time. However, in light of limited case management resources, it is expected that there will be some delays in determining the amount of additional time credits to be granted against inmate sentences resulting from changes in law pursuant to this act. An inmate shall have no cause of action or claim for damages because of any additional time spent in custody due to reasonable delays in implementing the changes in the credit provisions of this act. However, to the extent that excess days in state prison due to delays in implementing this act are identified, they shall be considered as time spent on parole, if any parole period is applicable."
Some courts have taken this provision to signal a legislative intent that the amendment to section 4019 be applied retroactively. The rationale is that the department staff would not need the same three-month period between the enactment and effective dates of the statute to calculate credit entitlements if the new law is limited to credits earned after the effective date. (People v. Pelayo, supra, 184 Cal.App.4th 481, 484.) Not all courts agree. In Otubuah, after examining other provisions of Senate Bill No. 3X 18 (2009-2010 Reg. Sess.) which amend postsentence credit provisions, the court concluded: "Thus, while the administrative burden on the Department of Corrections and *996 Rehabilitation to implement the new credits would be higher if increased credits are applied retroactively, the burden would remain high even if all the increases, including section 4019, were applied prospectively. Accordingly, we infer no intent for retroactivity of the amendment of section 4019 from section 59 of Senate Bill No. 3X 18." (People v. Otubuah, supra, 184 Cal.App.4th at p. 435.)
Appellant also argues that denial of retroactive application of the amendment to section 4019 would violate his right to equal protection under California Constitution, article 1, section 7. He cites In re Kapperman (1974) 11 Cal.3d 542 [114 Cal.Rptr. 97, 522 P.2d 657] and People v. Sage (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874]. In Kapperman, the court reviewed a provision which made custody credit prospective, applying only to persons delivered to the Department of Corrections after the effective date of the legislation. (In re Kapperman, supra, 11 Cal.3d at pp. 544-545.) The Supreme Court concluded that this limitation violated equal protection, and extended the benefits retroactively to those improperly excluded by the Legislature. (Id. at p. 545.) In People v. Sage, supra, 26 Cal.3d 498, the Supreme Court considered a previous version of section 4019 which denied presentence conduct credit to a detainee eventually sentenced to prison, although credit was given to detainees sentenced to jail and to felons who served no presentence time. (In re Kapperman, at p. 507.) The Supreme Court found no rational basis, nor compelling state interest, to deny presentence conduct credit to detainee/felons. (Id. at p. 508.)
The Hopkins court rejected an equal protection argument similar to appellant's: "Kapperman is distinguishable because it addressed actual custody credits, not conduct credits. Conduct credits must be earned by a defendant, whereas custody credits are constitutionally required and awarded automatically on the basis of time served." (People v. Hopkins, supra, 184 Cal.App.4th at p. 627.) Sage was distinguished on the ground that the "purported equal protection violation at issue here is temporal, rather than based on the defendant's status as a misdemeanant or felon." (Ibid.) The court in Hopkins reasoned: "The fact that a defendant's conduct cannot be influenced retroactively provides a rational basis for the Legislature's implicit intent that the amendment only apply prospectively." (Id. at p. 628.)
(3) We agree that the authority cited by appellant is distinguishable and that there is a rational basis to support the prospective application of the amendment to section 4019.

*997 DISPOSITION
The consecutive sentence on count 6 is stricken. The judgment of conviction is affirmed in all other respects.
Willhite, J., and Manella, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rules 8,1100 and 8,1110, this opinion is certified for partial publication with the exception of the Factual and Procedural Summary and part 1 of the Discussion.
[1] All statutory references are to the Penal Code.
[*] See footnote, ante, page 990.
[4] See People v. Brown (2010) 182 Cal.App.4th 1354 [107 Cal.Rptr.3d 286] (3d Dist.), review granted June 9, 2010, S181963; People v. House (2010) 183 Cal.App.4th 1049 [107 Cal.Rptr.3d 830] (2d Dist., Div. One)*; People v. Landon (2010) 183 Cal.App.4th 1096 [107 Cal.Rptr.3d 847] (1st Dist., Div. Two)*; People v. Delgado (2010) 184 Cal.App.4th 271 [108 Cal.Rptr.3d 789] (2d Dist., Div. Six); People v. Norton (2010) 184 Cal.App.4th 408 [109 Cal.Rptr.3d 197] (1st Dist., Div. Three); People v. Pelayo (2010) 184 Cal.App.4th 481 [108 Cal.Rptr.3d 825] (1st Dist., Div. Five); and People v. Keating (2010) 185 Cal.App.4th 364 (2nd Dist., Div. Seven). The cases are still coming down.
[5] Section 2933.3, subdivision (d) provides: "The credits authorized in subdivisions (b) and (c) shall only apply to inmates who are eligible after July 1, 2009." (Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 41.)