Filed 11/9/21  P. v. Edwards CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JAHMAL MARSHALLE EDWARDS,<br><br>        Defendant and Appellant. | A159264<br><br>(Alameda County<br>Super. Ct. No. 18CR019853) |

**MEMORANDUM OPINION**[1]

Jahmal Marshalle Edwards started a fire in a San Leandro department store to create a distraction as he attempted to steal leather jackets.  The fire damaged the store and its merchandise.  A jury convicted Edwards of arson (§ 451, subd. (d), count 2) and misdemeanor vandalism (§ 594, subd. (a), count 3), and it found true an allegation that Edwards had a prior arson conviction (§ 451.1, subd. (a)).

The trial court found Edwards had a prior arson conviction (§ 451.1, subd. (a)), which constituted a prior strike under the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12) and a prior serious felony (§ 667, subd. (a)).

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1, reciting only those facts necessary to resolve the issues raised.  Undesignated statutory references are to the Penal Code.

The court also found Edwards had served a prison term for possession of ammunition by a prohibited person. (§§ 30305, subd. (a)(1), 667.5, subd. (b).)

In 2019, the court sentenced Edwards to 17 years in state prison, comprised of the aggravated three-year term on count 2, doubled pursuant to the Three Strikes law, five years for the prior arson conviction enhancement, and five years for the prior serious felony conviction. The court also imposed a mandatory one-year enhancement under section 667.5, subdivision (b). On count 3, the court imposed a concurrent one-year jail term. The court awarded Edwards 371 days of presentence credit, comprised of 323 days of actual credit and 48 days of conduct credit.

Edwards raises three claims of sentencing error. The Attorney General concedes the claims are meritorious.

First, the parties agree — as do we — that the prison prior enhancement must be stricken pursuant to Senate Bill No. 136 (2019–2020 Reg. Sess.), which amended section 667.5 effective January 1, 2020. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 340–341.) Under this legislation, a section 667.5, subdivision (b) enhancement is mandatory only if the defendant served a prior prison term for a sexually violent offense as defined in the Welfare and Institutions Code. (*Lopez*, at pp. 340–341.) The amended law applies to Edwards as his sentence was not final when Senate Bill No. 136 took effect, and his conviction for possession of ammunition by a prohibited person is not a sexually violent offense. (*Lopez,* at p. 341.)

We modify the judgment to strike the prison prior enhancement. As the Attorney General acknowledges, an appellate court may strike such an enhancement without remanding for resentencing when, as here, the trial court imposed the maximum sentence. (*People v. Gastelum* (2020) 45 Cal.App.5th 757, 762, 773; *People v. Lopez*, *supra*, 42 Cal.App.5th at

p. 342.)  The Attorney General offers no persuasive justification to depart from this rule.

Second, the parties agree the court erred by imposing a concurrent sentence on count 3.  They are correct.  Section 654 bars multiple punishments for convictions arising out of an indivisible course of conduct committed pursuant to a single criminal intent or objective.  (*People v. Correa* (2012) 54 Cal.4th 331, 336.)  "Where 'section 654 prohibits multiple punishment, the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited.'"  (*People v. Kurtenbach* (2012) 204 Cal.App.4th 1264, 1289.)

Here, substantial evidence demonstrates the arson and vandalism arose from an indivisible course of conduct — setting fire in a department store; that conduct was incident to a single objective, to steal store merchandise.  (*People v. Kurtenbach*, *supra*, 204 Cal.App.4th at p. 1290 [section 654 precluded "punishment for both the arson and the vandalism conviction"].)  Accordingly, we modify the judgment to stay execution of sentence on count 3 pursuant to section 654.  (*Kurtenbach*, at p. 1291; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1468, 1473.)

Third, the parties agree the court erred by limiting Edwards's presentence conduct credit under section 2933.1, which places a 15-percent cap on conduct credit when a defendant is convicted of a violent felony.[2] (*People v. Arevalo* (2018) 20 Cal.App.5th 821, 828.)  The parties are right. The section 2933.1 limitation does not apply because count 2 is not a violent

_____

[2] We can address and resolve this issue notwithstanding Edwards's failure to first seek correction in the trial court.  (*People v. Florez* (2005) 132 Cal.App.4th 314, 318, fn. 12 [a "challenge to an award of presentence conduct credit may be raised at any time"]; *People v. Acosta* (1996) 48 Cal.App.4th 411, 427–428 [presentence custody credits can be corrected on appeal if other issues are raised].)

3

felony.  (§ 667.5, subd. (c)(10); *People v. Florez, supra*, 132 Cal.App.4th at pp. 318–319.)  Thus, section 4019 governs Edwards's conduct credit.  (*People v. Tennard* (2017) 18 Cal.App.5th 476, 488.)

"Section 4019 specifies the rate at which prisoners in local custody may earn credit against their sentences for good conduct while in custody." (*People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358.)  "[S]ection 4019 . . . requires a defendant to serve two days in actual custody in order to receive two days of conduct credits."  (*Whitaker*, at p. 1361; § 4019, subd. (f).)  Having served 323 days in custody, Edwards is entitled to 322 days of conduct credit.  (*Whitaker*, at p. 1358 [a defendant who serves an odd number of days is not entitled to an additional single day of conduct credit for final day of actual custody].)

## DISPOSITION

The judgment is modified to strike the one-year prior prison term enhancement (§ 667.5, subd. (b)), to stay execution of the sentence imposed on count 3 (§ 654), and to award Edwards 322 days of presentence conduct credit under section 4019, for a total of 645 days of presentence credit.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment reflecting these modifications and to forward a certified copy to the Department of Corrections and Rehabilitation.

_____

Rodriguez, J.

WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Petrou, J.


A159264