Filed 2/5/25  P. v. Murphy CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DAVID MURPHY,<br><br>        Defendant and Appellant. | A170248<br><br>(Alameda County Super. Ct. No. 154341) |

David Murphy appeals from postjudgment orders relating to his petitions for resentencing pursuant to Penal Code sections 1172.1 and 1172.75.[1]  The People agree that the amended abstracts of judgment and related minute order should be corrected and that the trial court should recalculate Murphy's actual custody credits as of the date of resentencing. We accept the People's concession and remand the matter with instructions to the trial court.

## BACKGROUND

In August 2006, Murphy entered a barbershop, drank tequila with a barber, and asked for the phone number of Quincy Carr's girlfriend.  After Carr and his girlfriend refused, Murphy left, only to return 10 or 15 minutes

---

[1] Further undesignated statutory references are to the Penal Code.

1

later with a gun.  Carr attempted to flee, but Murphy followed and shot Carr five times, leaving him paralyzed.

By information filed January 1, 2007, the People charged Murphy with attempted premediated murder (§§ 187, subd. (a); 664, subd. (a); count 1), aggravated mayhem (§ 205; count 2), and possession of a firearm by a felon (former § 12021, subd. (a)(1); count 3).  The first two counts alleged the personal discharge of a firearm and the infliction of great bodily injury (§§ 12022.7, subds. (a) & (b); 12022.53, subds. (b)–(d); 12022.5, subd. (a)).  The information also alleged two prior convictions and two prior prison term enhancements (§ 667.5, subd. (b)).

A jury found Murphy guilty of attempted premediated murder, the lesser included offense of simple felony mayhem rather than aggravated (§ 203), and possession of a firearm by a felon.  The jury also found true the firearm and great bodily injury special allegations, after which the trial court found true the prior prison term special allegations.

In November 2007, Murphy was sentenced to a term of life with the possibility of parole for the attempted premediated murder conviction and a consecutive term of 25 years to life for the use of a firearm causing great bodily injury (§ 12022.53, subd. (d)).  The court imposed upper term sentences for the mayhem and unlawful gun possession convictions of eight years and three years, respectively, and imposed two one-year enhancements (§ 667.5, subd. (b)) to both the indeterminate and determinate sentences.

Murphy appealed, and this court affirmed the judgment with directions to the trial court to amend the determinate abstract of judgment to stay the sentences for mayhem and unlawful firearm possession and to impose the prior prison term enhancements to only the indeterminate portion of

Murphy's sentence.  (*People v. Murphy* (Apr. 30, 2009, A119999) [nonpub. opn.].)

On August 8, 2022, Murphy filed a petition for resentencing pursuant to section 1172.6 (formerly § 1170.95).[2]  Murphy also filed a petition for resentencing regarding the prior prison term enhancements pursuant to Senate Bill No. 136.[3]  Murphy was appointed counsel, and the People filed a response.

On November 7, 2022, the court issued an order confirming that the California Department of Corrections and Rehabilitation (CDCR) identified Murphy as meeting the criteria for resentencing pursuant to section 1172.75 but denying the petition without prejudice as "not yet ripe" because the court had until December 2023 to resentence Murphy.

On March 18, 2024, Murphy's counsel filed a memorandum in support of resentencing pursuant to sections 1172.1 and 1172.75.  Murphy argued that the prior prison term enhancements were invalid and that he was entitled to full resentencing under current statutes with consideration of any mitigating circumstances.

On March 19, the trial court held a hearing for resentencing pursuant to sections 1172.1 and 1172.75.  At the hearing, the parties agreed that the trial court should strike the two prior prison term enhancements and that the court had the discretion to strike or reduce the firearm enhancement.  The

[2] "Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text." (*People v. Mitchell* (2022) 81 Cal.App.5th 575, 583, citing Stats. 2022, ch. 58, § 10.)  We use section 1172.6 for clarity.

[3] Senate Bill No. 136 added former section 1171.1, which was subsequently renumbered to section 1172.75 without substantive changes. (*People v. Garcia* (2024) 101 Cal.App.5th 848, 854–855 & fn. 10.)  Again, we use section 1172.75 for clarity.

3

People asked the court to reduce the firearm enhancement to a 10-year term. Defense counsel requested the court strike the firearm enhancement altogether, or at least reduce it to a 10-year term, and further argued the court had discretion to modify the attempted premediated murder conviction by reducing it to attempted murder with a determinate term. The victim Carr and his mother were present and opposed the court striking the premeditation allegation.

Ultimately, the court left the premediated murder conviction intact; it struck the prior prison term enhancements but declined to strike the firearm enhancement, instead reducing it to a 10-year term. The court also struck the probation investigation report fine previously imposed pursuant to former section 1203.1b. Although the court did not comment on Murphy's sentence credits or recalculate his actual days in custody at the hearing, the amended abstract of judgment reflected that Murphy was entitled to credit for 459 actual days and 68 conduct days—for a total of 527 days of presentence custody credit—and further noted "CDCR to calculate State Prison credits."

On April 4, 2024, the court held a hearing on Murphy's petition for resentencing pursuant to section 1172.6, which it denied.[4] During the hearing, defense counsel noted the amended abstracts of judgment and minute order issued after the March 19 hearing incorrectly reflected Murphy had been resentenced under section 1172.6 and should reflect resentencing pursuant to sections 1172.1 and 1172.75. The court agreed and directed the minutes be amended accordingly. The court subsequently issued an amended

---

[4] As the court explained, Murphy was ineligible because no aiding and abetting instructions had been given at trial, and Murphy had been found guilty of committing attempted premeditated murder. On appeal, Murphy does not challenge these findings or the denial of resentencing pursuant to 1172.6.

4

minute order reflecting that Murphy was resentenced pursuant to section 1172.75 and, on April 5, issued amended indeterminate and determinate abstracts of judgment.

Murphy filed a notice of appeal on April 8, 2024.

## DISCUSSION

Murphy makes three arguments on appeal:  two relate to errors in the abstracts of judgment and one concerns the calculation of his actual custody credits.  The People concede the arguments have merit, and we agree.

First, notwithstanding the minimum term of seven years before becoming parole eligible, the sentence for attempted premediated murder is life with the possibility of parole.  (*People v. Wong* (2018) 27 Cal.App.5th 972, 977, fn. 4; see also §§ 664, subd. (a); 3046, subd. (a)(1).)  Thus, the amended indeterminate abstract of judgment and related minute order should reflect Murphy's sentence for the attempted premediated murder conviction as life in prison with the possibility of parole plus enhancements as reflected in paragraph 5, not seven years to life, as indicated in paragraph 6 of the amended abstract, or "17 Years to Life" in the related minute order. Accordingly, the trial court must issue a corrected abstract of judgment to reflect the indeterminate sentence as life with the possibility of parole; the firearm enhancement remains 10 years.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 188 [appellate court should order the trial court to correct "evident" discrepancies between the abstract of judgment and reporter's transcript].)

Second, the amended determinate abstract of judgment must be corrected to consistently reflect the sentences for mayhem (count 2) and possession of a firearm by a felon (count 3) were stayed.  At the March 2024 resentencing hearing, the court orally pronounced that the sentences for counts 2 and 3 "remain stayed."  While the 2024 amended determinate

5

abstract correctly notes in paragraph 1 that the individual sentences were stayed pursuant to section 654, it incorrectly reflects a "TOTAL TIME" of 11 years in paragraph 8, which should be removed. (*People v. Little* (1993) 19 Cal.App.4th 449, 452 ["if the minutes or abstract of judgment fails to reflect the judgment pronounced by the court, the error is clerical and the record can be corrected at any time to make it reflect the true facts"].)

Third and finally, the trial court must calculate actual custody credits and include any such credits in the new amended abstracts of judgment. When Murphy was originally sentenced in 2007, the trial court credited his sentence with 459 days of actual custody credits and 68 days of conduct credit for a total of 527 days of presentence custody credits. Although Murphy was resentenced in 2024, the court did not then recalculate his actual custody credits. The minute order following the 2024 resentencing hearing states that Murphy has been "in custody for 459 actual days plus days [of] good time/work credit for a total of 1,275 days" (a total which Murphy contends is a clerical error) and directs the CDCR "to calculate State Prison credits." But such a direction to CDCR is improper. (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1118 [a "judgment must include a custody credit award that includes time spent in prison prior to the resentencing hearing leading to this appeal"].) Accordingly, the trial court must calculate the actual custody credits owed to Murphy at the time of resentencing and include any such credits in the amended abstracts of judgment.[5]

---

[5] Murphy argues, and the People do not dispute, that he may raise this argument despite not objecting below. The concession is well-taken. (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647 ["A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered"].) Murphy also argues, and the People do not dispute, that section 1237.1 does not bar his custody credit argument because Murphy

6

**DISPOSITION**

The resentencing orders are affirmed, and the matter is remanded. On remand, the trial court is directed to: (1) correct the 2024 amended indeterminate abstract of judgment and related minute order to reflect the sentence imposed for the attempted premediated murder conviction is life in state prison plus 10 years for personally using a firearm; (2) remove the "11" years in paragraph 8 of the amended determinate abstract of judgment; and (3) calculate Murphy's actual custody credits (local and state prison) as of the March 2024 resentencing date and prepare new amended abstracts of judgment reflecting any such credits.

---

raises other issues in this appeal, which also finds support in case law. (*People v. Florez* (2005) 132 Cal.App.4th 314, 318, fn. 12.)

_____
DESAUTELS, J.

We concur:


_____
RICHMAN, ACTING P. J.


_____
MILLER, J.


*People v. Murphy* (A170248)

8